*Test,* for the plaintiff.                                            PALMER
  *Caswell,* for the defendant.                                          v.
                           CROSBY.

---

## PALMER and Others *v.* CROSBY.

1b 139
f153 598

In trespass against six persons for an assault and battery, the writ was served
on only four; no notice taken of the others in the sheriff's return; and the

declaration against them all: *Held,* that the plaintiff might proceed to judgment against those on whom the process had been executed.

**PALMER**
**v.**
**CROSBY.**

Though one or all may be sued on a contract, if joint and several, an intermediate number cannot; nor can the plaintiff enter a *nol. pros.* as to any, and proceed against the rest, unless one plead something as a personal discharge. But for an assault and battery, the plaintiff may sue one, or all, or any number of the parties; and, at any time before judgment, he may enter a *nol. pros.* as to some, and proceed against the others.

In trespass against several for an assault and battery, the jury may find some guilty, and others not; but they cannot sever the damages as to those found guilty, according to the different degrees of guilt. In law, those guilty at all are jointly and equally so, and the damages against them must be assessed entire.

*Tuesday,*
*November 6.*

ERROR to the *Clark* Circuit Court.—This was an action of trespass for an assault and battery, and false imprisonment, against six persons. The sheriff returned, that he had executed the process on four of them, but said nothing as to the others. The declaration was against the six named in the writ. Those served with process appeared, and severally pleaded not guilty. After the evidence was closed, the defendants moved the Court to instruct the jury, that if they should find more than one of the defendants guilty, they could assess separate damages against each of those so found guilty. This the Court refused; but instructed the jury, that they should assess entire damages against all the defendants whom they might find guilty. The four defendants who had appeared and pleaded, were found guilty, and entire damages were assessed against them at 1000 dollars. Judgment accordingly.

The plaintiffs in error contended, 1st, that the plaintiff below should have sued out further process against those upon whom the writ had not been served, before he proceeded against the others; 2dly, that the instructions required should have been given to the jury.

BLACKFORD, J.—In support of the first point, the plaintiffs in error have cited 1 Str. 473, 2 Str. 1269, 1 Wils. 78. These are all actions founded on contract, and if the present were a case of that kind, the objection would be a sound one, and the authorities in point: there could have been no proceedings in the cause against the defendants summoned, until the sheriff had returned that the others were not inhabitants of the county; which return is substituted by our statute for the *English* process of outlawry (1). Even where a contract is joint and several, though the plaintiff may go against *one* or *all* of the contractors,

Nov. Term, 1821.

PALMER
v.
CROSBY.

yet he ought not to sue an *intermediate number.* When he sues more than one, he depends upon the joint contract, and then all the joint contractors living should be parties; if they be not, it is a good ground for a plea in abatement. The *King* v. *Young,* 2 Anst. 448.—1 Will. Saund. 291, n. 4.—*Leftwich* v. *Berkeley,* 1 Hen. & Munf. 61 (2). Neither can the plaintiff enter a *nolle prosequi* as to any of the defendants in an action on contract; except where they sever in pleading, and one pleads something which goes to his personal discharge. *Noke* v. *Ingham,* 1 Wils. 89 (3). But the law is very different in actions founded on *tort.* The persons guilty are separately liable to the party injured; and he has a right to sue one, or all, or any number of them. 1 Will. Saund. 291, n. 4. If the plaintiff commence suit against several, he may, at any time before judgment, enter a *nolle prosequi* as to any of them. Even after a joint plea in an action of trespass, and after a verdict that the defendants are jointly guilty, the plaintiff may enter a *nolle prosequi* as to some, and take judgment against the others. 1 Will. Saund. 207, n. 2. The case before us is one of assault and battery, in which the writ was served on, and the judgment entered against, four only of the six persons against whom the plaintiff complained. Why is this wrong? As the action might have been originally instituted against these four, so, at any time before final judgment, the plaintiff might elect to take his damages against them alone, and abandon his action against the others. He might, even after his verdict against the four, have entered a *nolle prosequi* as to two, and taken judgment only against the rest. It is no objection to the proceedings now under consideration, that there was no entry of a *nolle prosequi* as to the two upon whom the process was not served: that was unnecessary, because they were no more parties to the action, than if their names had not been in the writ. Where suit is only against some of the trespassers, it is usual to declare against them *simul cum quibusdam ignotis,* and it was once thought that if the plaintiff, in such a case, declared *simul cum A. and B.* the action should abate, because, it was said, as the plaintiff knew the other trespassers, he ought to have joined them in the suit. Hob. 164, 199. But this objection was cured by a verdict. *Henly* v. *Broad,* 1 Leon. 41. In the case under consideration, the declaration is that six committed the trespass, which is, in substance, the same as if it were, that the four *simul cum* the other two committed it. So that, according to the case

of *Henly* v. *Broad*, no objection could be made, after verdict, that the other two were not parties to the action. The distinction made in those cases from Hobart & Leonard has been long since done away; it is now considered immaterial whether the other trespassers were known or unknown to the plaintiff; and the exception to the declaration, here urged for the reversal of the judgment, would not have been good, had it been even pleaded in abatement. 1 Will. Saund. 291, n. 4.—*Rose* v. *Oliver*, 2 Johns. R. 365.

The second point relates to the assessment of damages. The charge against the defendants upon which this action is founded, is a joint trespass, assault and battery, and false imprisonment, committed by them jointly on the plaintiff. The defendants severally pleaded not guilty; and the question for us to determine is, Had the jury a right to assess several damages against such of the defendants as they found guilty of this joint trespass? We are of opinion that the jury could not thus sever the damages. In actions of this kind, the law contemplates no different degrees of guilt. Some of the defendants may be found guilty, and others not; but a party, if guilty at all, is equally guilty with every other party in such joint offence, and is equally liable to the same damages. The trespass is entire, and the act of one is the act of all. The circumstance of defendants, in such cases, severing in their pleas, can make no difference; because, when the jury find them jointly guilty of the charge in the declaration, the verdict determines their different pleas to be all equally untrue. Had the jury assessed several damages, it is agreed that such irregularity would have been no ground for a motion in arrest of judgment, because the plaintiff might have entered a *nolle prosequi* as to all the defendants but one, taken judgment against him, and thus cured the defect in the verdict (4); but his not having the right to enter judgment for the several damages against each of the defendants, shows that the jury ought not so to sever the damages. Again, in cases of joint trespassers, there can be but one injury to the plaintiff, and he can be entitled to but one recompense. The parties are jointly and severally liable, and the plaintiff may institute separate suits against each, or a joint action against all, or any of them; but he can never obtain more than one satisfaction. Where there are several actions, a recovery with satisfaction in one, will bar all the rest: so, a release to one of the parties, discharges them all.

*Cocke* v. *Jenner*, Hob. 66. If a joint action be commenced, the same principle must govern; and the plaintiff cannot obtain several damages against the defendants, for he would then receive several compensations for only one injury. Neither can the one compensation in damages to which he is entitled, be apportioned among the several defendants according to their different degrees of guilt; because they are jointly and equally guilty of one joint trespass, and each is equally liable to pay the whole damages sustained by the plaintiff. Where the trial of such joint action is of several issues by different juries, which may sometimes happen, then, from the necessity of the case, the damages will be severed, and the plaintiff may choose *de melioribus damnis;* but he can have only one satisfaction (5). The Court is aware, that adjudicated cases may be found in opposition to the doctrine here stated respecting the assessment of damages. *Sampson* v. *Gideon*, Bulst. 157.—*Chapman* v. *House*, 2 Str. 1140. But our decision is in accordance with the great weight and current of authorities. *Heydon's* case, 11 Co. R. 5.—*Cocke* v. *Jenner*, Hob. 66.—*Rodney* v. *Strode*, Carth. 19, 3 Mod. 101.—*Onslow* v. *Orchard*, 1 Str. 422.—*Lowfield* v. *Bancroft*, 2 Str. 910.—*Sabin* v. *Long*, 1 Wils. 30.—*Hill* v. *Goodchild*, 5 Burr. 2790.—*Mitchell* v. *Milbank*, 6 T. R. 199.—1 Will. Saund. 207, note 2. Ibid. 291, note 4.—*Livingston* v. *Bishop*, 1 Johns. R. 290.—*Ammonett* v. *Harris*, 1 Hen. & Munf. 488. In this action therefore, for a joint trespass against several defendants, the Circuit Court was right in refusing to instruct the jury, that they could sever the damages; and was correct in the opinion, that the assessment of damages must be entire against such of the defendants as the jury should find jointly guilty (6).

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages, and costs.

*Howk*, for the plaintiffs.

*Dewey* and *Nelson*, for the defendant.

(1) A return of *non est inventus*, with a suggestion thereof on the record, is now sufficient. Stat. 1823, p. 290. Vide *Morris* v. *Knight*, ante, p. 106, note.

(2) If, however, an intermediate number be sued, and they plead to the merits, the objection is waved. *Minor* et al. v. The *M. B.* of *A.* 1 Peters, 46, 73.

(3) In that case the plea was bankruptcy. So, if it be ne unques executor. 1 Will. Saund. 207, n. 2. Where one pleads infancy, which not only goes to his personal discharge, but shows an original defect in the contract, the plain-

Nov. Term, 1821.

PALMER
v.
CROSBY.

tiff cannot enter a *nol. pros.* as to the infant. he must discontinue, and sue the adult alone, *Chandler* v. *Parkes*, 3 Esp. R. 76; and if the defendant plead the non-joinder in abatement, the plaintiff may reply the infancy of the other. *Gibbs* v. *Merrill*, 3 Taunt. 307.—*Burgess* v. *Merrill*, 4 Taunt. 468.—1 Chitt. Pl. 32. But in *New-York* it is held, that if one of the defendants plead infancy, a *nol. pros.* may be entered as to him. *Hartness* v. *Thompson*, 5 Johns. R. 160. So, in *Massachusetts*, *Woodward* v. *Marshall*, 1 Pick. 500. Vide also the case of *Minor* et al. v. *The M. B. of A.* in the Supreme Court of the *United States*. That was debt on a joint and several bond against all the obligors, being five in number. Four of the defendants, being the sureties of the other for his due performance of certain duties, jointly pleaded, without their principal, a number of pleas in bar. Issues were joined upon these pleas, and there was a verdict thereon for the plaintiff. The other defendant, the principal, conformably to a rule against him, afterwards pleaded in bar several pleas similar to those of the sureties. Judgment was then rendered on the verdict against the sureties, without objection; and the plaintiff's attorney, afterwards, entered a *nol. pros.* as to the principal. The Court held, *Johnson* J. dissentiente, that there was no error in the proceedings. 1 Peters, 46, 73.

(4) Or he might have entered a *remittitur* as to the less damages, and had judgment for the greater against all. *Johns* v. *Dodsworth*, Cro. Car. 192.—*Sabin* v. *Long*, 1 Wils. 30.—1 Arch. Pr. 195.—*Dougherty* v. *Dorsey*, 4 Bibb, 207, 210.

(5) In these cases, where the defendants sever in pleading, the regular practice is, to defer the trial of the issues until the cause is at issue as to all the parties, or the steps of the law have been taken to bring them into default.— *Minor* et al. v. *The M. B. of A.*, supra.

(6) *Several* damages may be assessed, if one be found guilty of a part of the trespass, and the other of another part. *Player* v. *Warn*, Cro. Car. 54; or one guilty at one time, and the other at another time; *Heydon's* case, 11 Co. R. 5; or some guilty of the whole, and the others of only a part. *Austen* v. *Willward*, Cro. Eliz. 860. 1 Arch. Pr. 195.