CONWELL and Another *v.* SMITH.

Trespass against six defendants. The writ was served on three of them, and as to the others, was returned "not found," but the return was not suggested upon the record. After the plaintiff had closed his testimony,

Nov. Term, 1853.

CONWELL
v.
SMITH.

the defendants served with process introduced the defendants not served, and proposed to swear them as witnesses. The plaintiff objected, and while the objection was under discussion, caused another writ to be issued in the cause, and to be served on the defendants who had not been served. *Held*, that, as to the defendants on whom the process had not been served before the commencement of the trial, the writ had abated, and they were no longer parties to the action. *Held*, also, that they were competent witnesses.

When the writ was returned "not found" as to a portion of the defendants, two courses were, under the R. S. 1843, open to the plaintiff: he might continue the cause till all the defendants were brought into Court, or suggest the return of "not found" upon the record, and proceed to trial against those served.

If the plaintiff adopted the latter course, he might afterward proceed by action against those "not found," jointly or severally.

Wednesday, November 30.

APPEAL from the *Franklin* Circuit Court.

ROACHE, J.—This was an action of trespass *vi et armis*, brought by *Smith* against *Conwell*, *Fingland*, *Shoup*, *Updegraff*, *Tilney*, and *Hoskins*. The writ was served on the three former; as to the three latter, the sheriff returned "not found."

*Conwell*, *Fingland* and *Shoup*, who were served with the process, appeared and plead to the action. Issues were made up on their pleas, and the parties went into trial. There was no suggestion of "not found" entered on the record as to *Updegraff*, *Tilney* and *Hoskins*.

After the plaintiff had closed his testimony, the defendants introduced *Updegraff*, *Tilney* and *Hoskins*, and prepared to swear them as witnesses. The plaintiff objected, and while his objection was under discussion, caused another writ to be issued in the cause, and to be served by the sheriff on the three who had not been served with process. The evidence had tended to show the participation of *Updegraff*, *Tilney* and *Hoskins* in the commission of the trespass.

The Court sustained the objection, and excluded the witnesses.

There was a verdict and judgment against *Conwell* and *Fingland* for 325 dollars, and against *Shoup* for one cent.

The two former bring the case to this Court.

When the writ is returned "not found" as to a portion

of the defendants, two courses are open to the plaintiff. He may continue the cause till all the defendants are brought into Court, or he may, at his option, under the provisions of s. 31, p. 675, R. S. 1843, suggest the return of "not found" on the record, and proceed to trial against those served.

If he adopt the latter, he may afterwards proceed by action against those "not found," jointly or severally.

In the case at bar, the plaintiff did neither; and the proceeding was consequently irregular.

The effect of his going into trial under such circumstances, is, that as to those on whom the process had not been served, the writ abated. In the language of the opinion of the Court in *Palmer* v. *Crosby*, 1 Blackf. 139, "they were no more parties to the action than if their names had not been in the writ." See, also, to the same point, *Purviance* v. *Dryden*, 3 S. & R. 402.—*Gibbs* v. *Bryant*, 1 Pick. 118.—*Glidewell* v. *McGaughey*, 2 Blackf. 359. The result of these authorities is, that the witnesses were not, when introduced, any longer parties to the action, and not incompetent on that account. 3 Stark. Ev. 1063.— *Ward* v. *Haydon et al.*, 2 Esp. C. 552. The current of authorities is, that under such circumstances they had no such an interest in the event of the suit as would exclude them. It is too remote and contingent. The old rule was otherwise. But the modern decisions, both in *England* and the *United States*, establish this position. The objection only goes to the credit of the witness. *Alderman* v. *Tirrell*, 8 Johns. R. 418.—*Stockham* v. *Jones*, 10 *id.* 21.— *Wakely* v. *Hart*, 6 Binn. 316.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. Holland* and *J. D. Howland*, for the plaintiffs.

*J. Ryman*, for the defendant.