## KITTERING *v.* NORVILLE.

PRACTICE.—*Joint Contractors.—Abatement of Action.—Dismissal.*—A. sued B. and C. before a justice of the peace, on a promissory note made by them. B. was served with process, but C. was not served, and the fact was so entered upon the docket. B. appeared to the action, and, after two continuances, the cause was tried, and judgment was rendered against B. Afterward, suit was commenced before another justice on the same note against C.

*Held,* that although there was no dismissal of the former action as to C., the going into trial and proceeding against B., under the circumstances, caused the action to abate as to C., and was, in effect, the same as a dismissal of the former action as to C., and saved the right of A. to sue him in the latter action.

APPEAL from the Shelby Circuit Court.

DOWNEY, J.—The appellee sued the appellant, and had judgment in his favor. In this court two errors are assigned; the first is as to the sufficiency of the complaint, and the second relates to the correctness of the ruling of the court in overruling the motion of the appellant for a new trial. Whether the case is to be considered upon the demurrer to the complaint, or upon the motion for a new trial, there is but one question presented and discussed. Kittering and one Emerick executed a joint promissory note to one Tillberry, who indorsed the same to Norville. Norville brought suit on the note before Justice Fisher, of Marion county, against both the makers. But Kittering was a resident of Shelby county, and was not found. The constable's return to the summons was as follows: "Served on Emerick by reading, the other said to live in Shelby county, November 7th, 1866." At the foot of the judgment, the justice says: "It appears from the return of the summons that the defendant Christian Kittering has not been served with process." Emerick answered, the cause was tried by the justice after two continuances, and there was judgment against Emerick for the amount due on the note.

Afterward this action was commenced before Justice Carson against Kittering on the same note. The question now is, whether the judgment by Justice Fisher is a bar or not to this action.

It is the general rule, that a judgment against one of the makers of a joint promissory note is a bar to an action subsequently brought against the other or others on the same note.

In the absence of statutory enactments to the contrary, the rule is uniformly applied. It is claimed, however, that it should not be applied in this case, and we are referred to the following statute on the subject: "When a summons is returned not found as to part of the defendants, the plaintiff at his option may continue for alias process, or suggest the return on the record, dismiss the cause as to the defendants not found, and proceed against those served; and such plaintiff may at any time afterward proceed against those not found." 2 G. & H. 593, sec. 63.

It will be seen that in this case, on the return of the process, the plaintiff did not formally dismiss the action as to the defendant not found, nor did he have the cause continued for alias process as to him. Was not the course pursued by the plaintiff, in effect, the same as a dismissal of the action as to the defendant not found? We think it was. In the case of *Conwell* v. *Smith*, 4 Ind. 359, this court, in speaking of a statute nearly similar to the one in question, say that when the writ is returned not found as to a portion of the defendants, two courses are open to the plaintiff. He may continue the cause for process, or he may suggest the return of not found and proceed, etc., against those served.

"If he adopt the latter, he may afterward proceed by action against those 'not found,' jointly or severally.

"In the case at bar, the plaintiff did neither; and the proceeding was consequently irregular. The effect of his going into trial under such circumstances is, that as to those on whom the process had not been served, the writ abated. In the language of the opinion of the court, in *Palmer* v. *Crosby*, 1 Blackf. 139, 'they were no more parties to the action than if their names had not been in the writ.'" See *Rose* v. *Comstock*, 17 Ind. 1.

The course pursued by the plaintiff was, in effect then, the

same as a dismissal of the action as to Kittering, and saved the right of the plaintiff to sue him in the present action.

The judgment is affirmed, with costs.

*O. J. Glessner*, for appellant.

*B. F. Love*, *B. F. Davis*, *M. M. Ray*, *G. H. Voss*, and *J. A. Holman*, for appellee.