Castle *v.* The State.

No. 9404.

CASTLE *v.* THE STATE.

CRIMINAL LAW.—*Juror.*—*Reasonable Doubt.*—In a criminal cause tried by a jury, the law contemplates the concurrence of twelve minds in the conclusion of guilt before a conviction can be had. Each juror must be satisfied beyond a reasonable doubt of the defendant's guilt before he can, under his oath, consent to a verdict of guilty.

SAME.—*Instructions, General and Special.*—If, in such cause, any one of the jury, after having considered all the evidence, and after having consulted with his fellow-jurymen, entertain a reasonable doubt of the defendant's guilt, the jury can not find the defendant guilty; and it is error to refuse to thus instruct the jury, notwithstanding the general charge of the court given to the jury that they must be satisfied beyond a reasonable doubt of the guilt of the defendant.

SAME.—*Individual Responsibility of Juror.*—Each juror should feel the responsibility resting upon him as a member of the jury, and should realize that his own mind must be convinced of the defendant's guilt beyond a reasonable doubt before he consents to a verdict of guilty.

From the Pike Circuit Court.

*E. A. Ely* and *C. H. Burton*, for appellant.

*D. P. Baldwin*, Attorney General, and *A. H. Taylor*, Prosecuting Attorney, for the State.

WORDEN, J.—The appellant was indicted in the court below for an assault and battery upon one O'Neal C. Stubblefield, with intent to murder him. Trial, conviction and judgment.

At the proper time the defendant asked that the following charge be given to the jury, which was refused, viz. : "The defendant is presumed to be innocent until his guilt is established by such evidence as will exclude every reasonable doubt ; therefore, the law requires that no man shall be convicted of a crime until each and every one of the jury is satisfied by the evidence in the case, to the exclusion of every reasonable doubt, that the defendant is guilty as charged. So, in this case, if the jury entertain any reasonable doubt of the defendant's guilt, they should acquit him ; or, if they entertain any reasonable doubt as to whether he was excusable and justifiable in the acts complained of, if he committed them, they should acquit him ; or, if any one of the jury, after having duly considered all the evidence, and after having consulted with his fellow-jurymen, should entertain such reasonable doubt, the jury can not, in such case, find the defendant guilty."

Upon looking through the well prepared charges given by the court, we do not find the idea embodied or stated in them, that each juror must be satisfied by the evidence of the defendant's guilt, before a conviction can be had, except as it may be involved in the charge that the jury generally, as a body, must be so satisfied.

The law, where a criminal cause is tried by a jury, contemplates the concurrence of twelve minds in the conclusion of guilt before a conviction can be had. Each juror must be satisfied, beyond a reasonable doubt, of the defendant's guilt before he can, under his oath, consent to a verdict of guilty.

The proposition embodied in the charge asked, that, "if any one of the jury, after having duly considered all the evidence, and after having consulted with his fellow-jurymen, entertain such reasonable doubt, the jury can not, in such case, find the defendant guilty," is correct in point of law. See *Clem* v. *The State*, 42 Ind. 420. The charge seems to have been, in other respects, correct, and we are of opinion that

it should have been given. Each juror should feel the responsibility resting upon him, as a member of the body, and should realize that his own mind must be convinced of the defendant's guilt, beyond a reasonable doubt, before he can consent to a verdict of guilty.

We think, notwithstanding the general charge of the court, the defendant had the right to have the charge asked given, thus specifically calling the attention of each juror to the duty and responsibility resting upon him, as well as to the legal rights of the defendant.

Objection is made to the charge of the court as to what would be sufficient to remove reasonable doubt. The charge upon this point seems to have been copied literally from the eighth charge in the case of *Jarrell* v. *The State*, 58 Ind. 293, which was held to be correct.

Some other questions are made in the case, which we deem it unnecessary to consider.

The judgment will have to be reversed for error in refusing the charge above set out.

The judgment is reversed, and the cause remanded for a new trial. The clerk will issue the proper notice for the return of the prisoner.