## COLE v. STATE OF INDIANA.

[No. 25,444. Filed December 9, 1930. Rehearing denied June 29, 1932.]

*W. E. Cox* and *Fabius Gwin,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—An affidavit was filed against this appellant and another in the Martin Circuit Court. The charging part of said affidavit is as follows: "That on or about July 31, 1925, at and in the county of Martin, State of Indiana, ———— and Charles Cole, unlawfully had in their possession and under their control to use and assist in using a still and distilling apparatus for the unlawful manufacture of intoxicating liquor." The appellant and his codefendant were tried by a jury on a plea of not guilty and the jury returned a verdict of guilty as to both of them. A motion for a new trial was filed by this appellant and overruled and judgment entered upon the verdict of the jury. From such judgment this appeal is taken.

The only assignment of error is that the court erred in overruling appellant's motion for a new trial. The

only specification of error, which is not waived, is that the court refused to give each of instructions numbered 1, 3 and 5, tendered by the appellant.

In the case of *Shenkenberger* v. *State* (1900)., 154 Ind. 630, 57 N. E. 519, an instruction requested by the appellant was as follows: "Where a criminal cause is tried by a jury, the law contemplates the concurrence of twelve minds in the conclusion of guilt before a conviction can be had.

"Each juror must be satisfied, beyond a reasonable doubt of the defendant's guilt, before he can, under his oath, consent to a verdict of guilty.

"Each juror should feel the responsibility resting upon him as a member of the body, and should realize that his own mind must be convinced, beyond a reasonable doubt, of the defendant's guilt, before he can consent to a verdict of guilty.

"If any one of the jury, after having duly considered all of the evidence, and after having consulted with his fellow jurymen, entertain such reasonable doubt, the jury cannot, in such case, find the defendant guilty."

This instruction the court refused to give and such refusal was assigned as one of the reasons for a new trial. In refusing that instruction the court said: "It is said on behalf of the appellant that an instruction substantially like this received the sanction of this court in *Castle* v. *State,* 75 Ind. 146, and that the cases of *Clem* v. *State,* 42 Ind. 420, *Stitz* v. *State,* 104 Ind. 359, and *Parker* v. *State,* 136 Ind. 284, sustain the claim of the appellant that the instruction should have been given.

"The instruction refused combines a part of the charge held proper in *Castle* v. *State, supra,* with a portion of the reasoning of the court in that case. In *Castle* v. *State, supra,* the appellant complained that

none of the charges given by the court embodied the idea that each juror must be satisfied, by the evidence, of the guilt of the defendant, before a conviction could be had. The court sustained that view, and decided that the proposition contained in the instruction asked for, viz., that 'if any one of the jury, after having duly considered all of the evidence, and after having consulted with his fellow jurymen, entertains such reasonable doubt, the jury cannot in such case find the defendant guilty,' was correct in point of law." The court then takes up the cases of *Clem* v. *State* and *Stitz* v. *State, supra,* and *Parker* v. *State, supra,* and discusses them, and says that the rule to be deduced from the decisions is that in a criminal case the defendant is entitled to the benefit of an instruction to the effect that each juror must be satisfied by the evidence of the guilt of the defendant beyond a reasonable doubt, before he can consent to a verdict of guilty.

The court further states that in the special instruction under examination, the single legal proposition is that each juror must be satisfied of the guilt of the defendant beyond a reasonable doubt before he can consent to a verdict of conviction. This is a correct statement of the law. The only inquiry then is whether this proposition was, or was not, contained in the charge as given. The court used this language: " 'I instruct you that if from all the evidence in the case, *you, each,* believe, as jurors, beyond a reasonable doubt, that the defendant committed the acts of which she is accused, in manner and form as charged in the indictment,' etc." The court then says: "In our opinion, this instruction sufficiently advised the jury as to their individual responsibility, and that *each* of them must be so convinced before he could consent to a verdict of conviction. No complaint is made that the jury, as a body, were not fully and properly instructed that they must be satisfied by the

evidence of the guilt of the defendant beyond a reasonable doubt, before they could convict her. This admonition was repeated throughout the charge, and in connection with every aspect of the case. The objection taken to the decision of the court, in refusing to give the special instruction asked for, is that the idea of the individual responsibility of the jurors was not made prominent enough. In this view, we cannot concur. In our opinion, the language employed by the court was better adapted to convey to the jurors an adequate idea of their duty than that proposed by appellant. The latter was calculated to create an impression that the court, itself, entertained doubts as to the guilt of the prisoner, and feared the collective opinion of the jury. It might easily have been understood as an intimation to one or more of the jurors to withhold his, or their, assent from a verdict of guilty.

"The instruction asked for informed the jury that, if *any one* of them entertained a reasonable doubt upon the evidence, 'the jury, in such case, *cannot find the defendant guilty.*' The sentence quoted is, to say the least, an inaccurate and misleading statement of the law. In connection with an instruction as to the effect of the existence of a reasonable doubt in the mind of one or more of the jurors, the proper charge is that the juror, or jurors, entertaining such doubt, *cannot consent to a verdict of guilty.* The result, under such circumstances, is a disagreement of the jury, and nothing more."

Instruction No. 5, tendered by defendant in this case is as follows: "The defendants are presumed to be innocent until their guilt is established by such evidence, as will exclude every reasonable doubt; therefore the law requires that no man shall be convicted of a crime until each and every one of the jurors is satisfied by the evidence in the case, to the exclusion of every rea-

sonable doubt, that the defendants are guilty as charged. So in this case, if the jury entertains any reasonable doubt of the defendants' guilt, you should acquit them, or if any one of the jurors, after having duly considered all the evidence, should entertain such reasonable doubt, you can not in such cases find the defendants guilty."

The court did not err in refusing this instruction, *Shenkenberger* v. *State, supra.* It is not error to refuse a tendered instruction unless it ought to be given precisely in the terms prayed. *Culley* v. *State* (1923), 192 Ind. 687, 138 N. E. 260; *Bohan* v. *State* (1923), 194 Ind. 227, 141 N. E. 323.

Instruction No. 8, tendered by the defendant and given by the court, is as follows: "In criminal cases, such as this, the entire burden of proof is upon the state, from the beginning to the end of the trial, and this burden of proof never shifts from the state to the defendant, and the defendants are not bound to explain anything, and their failure to explain anything connected with this case, can not be considered by you as a circumstance tending to prove their guilt."

Instruction No. 12, given by the court of its own motion, is as follows: "An alibi is a legitimate and proper defense herein for the defendants and each of them respectively, and evidence has been submitted to the jury relative thereto. If the jury find from a consideration of the evidence, that the defendants were not at the alleged place when and where the alleged crime was committed, if any was committed, then, the defendants should be acquitted. Or, if the jury find from a consideration of the evidence, that one of the defendants was not at the alleged place, when and where the alleged crime was committed, if any was committed, then such defendant, should be acquitted. If the jury have, from a consideration of the evidence a reasonable

doubt as to whether the defendants were at the alleged place when and where the alleged crime was committed, if any was committed, then, the defendants should be acquitted. Or, if the jury have, from a consideration of the evidence a reasonable doubt as to whether one of the defendants was at the alleged place, when and where the alleged crime was committed, then, such defendant should be acquitted."

Defendant's instruction No. 1, which the court refused to give, is as follows: "Evidence has been introduced on behalf of defendants tending to prove an alibi, and if you should find, upon considering this evidence, that it is sufficient to raise a reasonable doubt in your minds, as to whether the defendants or either of them, were at the place where the alleged crime was committed, if any was committed, then the defendants or the one of them, as to whom such doubt arises, if it does arise, as to either one or both of them, is entitled to an acquittal; and the failure of the defendant or either of them to account for his whereabouts during all the time which the offense might have been committed, is not of itself a circumstance tending to prove his guilt."

Instruction No. 3, tendered by the defendant and refused by the court, is as follows: "I instruct you, that an alibi is a legitimate and proper defense in a criminal action, and is to be judged by the jury as any other defense, by the evidence, and if the evidence thereof raises a reasonable doubt in your minds, as to the defendant's guilt or in the minds of any juror such juror should not vote to convict the defendant, or acquiesce in a verdict of guilty by his fellow jurors."

Instructions Nos. 1 and 3, tendered by the defendant and refused by the court, are on the defense of an alibi. Defendant's instruction No. 8, given by the court, and court's instruction No. 12, given

by the court of its own motion, fully cover every point of law attempted to be presented in defendant's tendered instructions Nos. 1 and 3, and for that reason it was not error to refuse to give defendant's said instructions Nos. 1 and 3.

Judgment affirmed.