MUELLER v. MUELLER ET AL.

[No. 17,725. Filed April 19, 1948.]

*Arthur E. Meyer* and *W. D. Hardy,* both of Evansville, attorneys for appellant.

*Hatfield, Meyer, Fine & Hatfield* and *Charles H. Sparrenberger,* all of Evansville, attorneys for appellees.

Draper, C. J.—The appellant brought this action to compel the specific performance of an alleged oral agreement between him and Maud Mueller, his mother, now deceased, whereby she agreed to convey to him certain real estate in Evansville in consideration of his promise to provide a home for her in the property and to take care of the property during her lifetime.

From an adverse judgment he appeals. He assigns as error the overruling of his motion for new trial, and first urges the specification therein to the effect that the decision is contrary to law.

Although not requested so to do, the trial court found the facts specially. We must treat it as a general finding for the appellees. Watson's Revision of Works Practice, Vol. II, § 1586.

Since the decision was negative, or in other words, against the appellant who had the burden of proving his case, the appellant could not and does not seek to attack it on the ground that there is a lack of evidence to sustain it. He can and does, however, assert the decision is contrary to law, which raises the question as to whether the evidence entitled him to relief which was denied him. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905.

We do not think it did. The evidence would amply justify the court in concluding that the appellant had failed to establish the making of a contract so definite and certain in its terms as to be the subject of favor in a court of equity. It would also justify the court in concluding that, even though a sufficient agreement had been made, the appellant never performed it by providing her with the considerate care implicit in such agreements, even during the time his mother remained with him.

The appellant next urges error in the overruling of his motion to strike out certain evidence.

In that connection the record discloses the following:

"Q. Now, did you have a talk with her at that time about any arrangement that she had already made about any of her property?

"A. Yes, before we left she said she had made some deeds and left them with Mr. Henrich and the reason she was making this will was that she wanted to rescind . . .

"We move that that answer be striken out because she couldn't rescind a contract without the consent of another party."

When a non-responsive answer is made to a question unobjectionable in itself, or improper testimony is volunteered in response to a proper question, the remedy is to promptly move to strike out the objectionable testimony. The motion to strike should state the ground of objection and designate the portion of the testimony objected to, for it is not error to overrule a motion to strike out all of an answer when part is competent. *Jones* v. *The State* (1889), 118 Ind. 39, 20 N. E. 634.

It is not urged that the question was objectionable and if not, the answer "Yes" was responsive and proper. There was, therefore, no error in overruling the motion to strike out the whole answer. We need not consider the merits of the objection made.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 78 N. E. 2d 667.