[Crim. No. 6436.   Second Dist., Div. Three.   June 29, 1959.]

THE PEOPLE, Respondent v. MAX RAMIREZ, Appellant.

Bertram H. Ross, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

SHINN, P. J.—In a jury trial, Max Ramirez was convicted of an offense of second degree robbery and was sentenced to state prison. He appeals from the judgment.

Juan Maciel was the complaining witness. He testified that on the evening of March 15, 1958, he entered a barroom in Los Angeles and sat down at the bar. After drinking one or two bottles of beer he went to the restroom which was at the rear of the premises. He met appellant and they exchanged a few words, whereupon appellent hit him on the mouth. Maciel then noticed that his wallet was missing; it contained about $40. He seized appellant's hands and told him to return the wallet. The next thing he remembered was the arrival of two police officers; one of the officers said that he had found the wallet. When asked whether he let go of Ramirez before the officers arrived Maciel said: "I don't know if he got away from me. I don't remember that well."

Officer Frank T. Estrada entered the establishment while on routine patrol duty and went to the rear of the premises upon being informed of a fight in the restroom. He saw Maciel pointing out the back door; Maciel was bleeding from the mouth. The officer went out the back door and saw Ramirez jumping over a fence. He called out to appellant who ducked down on the opposite side of the fence. A minute later Ramirez jumped back .over the fence. After placing appellant in the custody of a fellow officer, Estrada went to the spot where Ramirez had ducked down and found a wallet; it was identified as the one belonging to Maciel. The two antagonists were taken to the hospital where Maciel was treated for a cut mouth and Ramirez for a cut hand.

Appellant represented himself at the trial. He testified in his own behalf that he saw Maciel in the barroom earlier in the evening. He went to the restroom and encountered Maciel and another man, who were shooting dice. He rolled the dice once whereupon Maciel picked up the dice and the other man left. He asked to see the dice but Maciel refused. During the ensuing argument Maciel swung at him and cut his (Ramirez) hand with a sharp instrument. They were still fighting when the officers entered the restroom. He did not jump over the back fence or attempt to leave the premises.

It was brought out during the cross-examination of Estrada that the officer had previously met appellant in court, on which occasion Ramirez had been acquitted by a jury of a plain drunk charge. When asked whether he resented the acquittal, the officer denied feeling any resentment. Appellant then asked: "Did you at one time make the statement to me that you would get even some day?" Estrada replied: "No. The only statement I made was right there to you. I said that after so many complaints we had about you robbing people when they were drunk, that maybe this time you were finally going to get caught." Ramirez said: "Just a moment, Your Honor, that isn't the question. I move that it be stricken from the record." The court stated: "I think you rather called for it" and denied appellant's motion.

The sole contention on the appeal is that appellant's motion to strike should have been granted and the jury admonished to disregard the officer's voluntary statement. We agree with Ramirez that the statement was improper and that the court erred in denying his motion to strike. But the further question is whether the error was of so serious a nature as to deprive appellant of a fair trial and result in a miscarriage of justice. (*People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].) Appellant's guilt of robbery was clearly shown by the testimony of Estrada and Maciel. The court accorded it full credit and we can do no less. In view of the convincing nature of the evidence presented by the People we are unable to say that the error was prejudicial to an extent that would call for a reversal.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a rehearing was denied July 15, 1959.