**Harold CLAYPOOLE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 17, 1960.

Rehearing Denied Aug. 12, 1960.

D. Bernard Coughlin, Maysville, for appellant.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty Gen., Woodson T. Wood, Commonwealth Atty., 19th Judicial Dist., Maysville, for appellee.

WILLIAMS, Judge.

Appellant, Harold Claypoole, was indicted for the crime of malicious shooting at and wounding another with intent to kill. His trial resulted in a verdict of guilty and he was sentenced to five years in the penitentiary.

Appellant shot Leland Edgington in the left leg on the night of July 25, 1959. His defense was that he was acting in self-defense.

During the course of the trial the physician who treated Edgington testified concerning the nature and extent of the wound. After having so testified he was asked the following questions and made the following answers:

"Q. 15. Doctor, what is your prognosis of this man?

Objection by Mr. Coughlin.

"Judge: Overruled.

"Mr. Coughlin: Exception.

"A. For his life, I would say the prognosis is good. For the leg, we are going to have continuous trouble from the swelling in the left leg and he is going to be under treatment for that, and will have to most likely wear some sort of support, such as a rubber stocking, almost indefinitely to keep the swelling out.

"Q. 16. How long do you believe the cast will have to be on? A. Because of the shattered condition of the bone, I imagine another three months at least.

"Q. 17. Doctor, if this man has to wear this cast another three months, will he be able to follow any gainful employment?

Objection by Mr. Coughlin.

"Judge: Overruled.

"Mr. Coughlin: Exception.

"A. No manual labor only something with his hands or mental.

"Q. 18. What in your opinion will be the earliest date that this man can go back to manual labor, assuming that everything goes along as you anticipate and successfully?

Objection by Mr. Coughlin.

"Judge: Overruled.

**32**

"Mr. Coughlin: Exception.

"A. He should be back to work within another six months."

We have held that testimony of a physician which shows the character and extent of an injury is not objectionable, on the ground that such information tends to throw light upon the question of whether the injury was inflicted with intent to kill. Riggs v. Commonwealth, 33 S.W. 413, 17 Ky.Law Rep. 1015; Williams v. Commonwealth, 229 Ky. 580, 17 S.W.2d 706; Damron v. Commonwealth, Ky., 313 S.W.2d 854. A necessary element of the crime charged herein is that the act must have been done with the intent to kill. Testimony tending to establish that fact consequently is admissible. It is obvious that the seriousness of an injury will in some instances persuasively indicate whether the injury was inflicted with the intent to kill, or whether it was inflicted with some other basic motive. Except for that purpose there is no reason to introduce testimony concerning the extent of the injury whatsoever. Once the character and extent of the injury is shown the reason for that particular line of inquiry is satisfied and further questioning thereon is improper.

Here the physician was permitted to testify concerning the character and extent of the injury suffered by Leland Edgington, and having done so his testimony should have been terminated. Instead he was permitted to testify, over the objection of the defendant, concerning the prognosis of the wounded man and concerning his ability to perform manual labor. The latter testimony could have served no purpose other than to inflame the minds of the jury, and under the circumstances herein was highly prejudicial. Objection was seasonably made and should have been sustained. Failure so to do is reversible error.

Appellant complains that the court erred in refusing to instruct on assault and battery and on flourishing a deadly weapon. The court instructed on willful and malicious shooting and wounding and also on shooting and wounding in sudden affray or in sudden heat and passion, without previous malice. The latter instruction relates to a misdemeanor, and adequately protects the rights of a person under an indictment as employed herein. Failure to instruct on assault and battery or on flourishing a deadly weapon was not error. Muncy v. Commonwealth, 265 Ky. 730, 97 S.W.2d 606.

There are other alleged errors in this record which should not recur in the course of another trial.

Judgment reversed.