GAYER v. STATE OF INDIANA.

[No. 30,429. Filed October 19, 1965. Rehearing denied December 21, 1965.]

114

*William J. Marshall,* of Princeton, for appellant.

*Edwin K. Steers,* Attorney General, *Carl E. Van Dorn,* Assistant Attorney General, *Frederick J. Graf,* Deputy Attorney General and *Edgar S. Husted,* Deputy Attorney General, for appellee.

MYERS, J.—Appellant was charged by affidavit with the crime of assault and battery upon one Burkee Hill at a tavern near Princeton, Indiana. He was tried and convicted by a jury of the crime as charged and was sentenced to the Indiana State Farm for a period of 180 days and was fined One Dollar. Appellant's motion for a new trial was overruled, and this appeal followed. The only error assigned is the overruling of the motion for new trial.

In his motion for new trial appellant lists forty-four specifications of error. However, in his brief he assigns only ten of these, thus waiving the other thirty-four. *Stevens v. State* (1959), 240 Ind. 19, 29, 158 N. E. 2d 784, 789; Supreme Court Rule 2-17 (f). The specifications of error urged and argued by appellant are labeled as Propositions "A" through "J." We shall refer to them by the same designation and discuss them in substantially the same order.

Under Proposition "A," appellant contends that the trial court committed reversible error by permitting over appellant's objection testimony regarding the future condition of the victim of the alleged assault and battery. The specific question complained of is:

"Q. What is your opinion, if any, as to how his condition will remain? What it will become?"
The answer given to this question is:

"A. Of course, I haven't seen him since September when he was discharged from the hospital, but in my opinion he will never improve satisfactorily enough, if he

improves at all, to carry on any duties on his own as far as taking care of himself. In my opinion it's a permanent injury."

Appellant argues that this is not a personal injury case and that therefore the above testimony is irrelevant and prejudicial and its introduction constitutes reversible error.

This is a matter of first impression in this state, while the authorities elsewhere, which have passed upon this question, are divided. Thus, a group of cases of which *Claypoole* v. *Commonwealth* (1960, Ky.), 337 S. W. 2d 30, 87 A. L. R. 2d 923, is the most recent and upon which appellant relies, hold adversely to the introduction of testimony of future effect of injuries of an assault. Other cases, however, such as *Commonwealth* v. *D'Agostino* (1962), 344 Mass. 276, 182 N. E. 2d 133, permit the introduction of such testimony, holding that whether such evidence is so inflammatory in nature as to outweigh its probative value and preclude its admission is a question to be determined by the trial judge in the exercise of his sound discretion. Our attitude in regard to admission of testimony into evidence is more in line with the rationale of the latter authorities, for in Indiana the general rule is that the trial court has discretion with respect to reception of evidence and that its ruling will not be disturbed on appeal in the absence of abuse of such discretion. 9 West's Indiana Law Ency., *Criminal Law*, Ch. 30, § 720, p. 221.

In the case at bar, we do not feel that the trial judge abused his discretion since the testimony in question was relevant for a number of reasons. The testimony could be considered by the jury for the purpose of deciding whether the acts charged in the affidavit were done in a rude, insolent, and angry manner. Also, it clarified for the jury the absence of the victim as a witness for the prosecution. Finally, since it was the jury's duty to fix the amount of punishment, the testimony in question provided the jury with a yardstick upon which to base such punishment. Acts

1927, Ch. 200, § 1, p. 574, as found in Burns' Ind. Stat., § 9-1819, 1956 Replacement.

Under Proposition "B," appellant contends that a reversible error occurred when State's witness Hovey Pauley was permitted to testify over objection about a statement made by a third party in appellant's presence. The allegedly incompetent material is as follows:

"A. Well, as I say, I never heard Roger say a word now, but he was listening to this—this man was standing up and raising hell and telling him: 'What did you beat up on this old man for.' And I walked on by. That's all I heard."

"Q. You never heard Roger say anything?

"A. He never said anything, not in my presence while I was around there."

Appellant argues that the testimony of a statement accusing appellant of the crime is hearsay and, therefore, is improper. We cannot agree, for, as it was stated in *Rickman* v. *State; Lawrence* v. *State* (1952), 230 Ind. 262, 267, 103 N. E. 2d 207, 210:

"The general rule is that when one charged with an offense, or against whom an accusation is made, remains silent or fails to contradict or explain the testimony, providing the circumstances afford him an opportunity to speak, then the charge or accusation is in the nature of an admission."

The testimony of such conduct is admissible into evidence. *Diamond* v. *State* (1924), 195 Ind. 285, 291, 144 N. E. 250, 466.

Under Propositions "C," "D," and "J," which we shall discuss together since all three deal with questions regarding instructions, appellant argues that error was committed when the trial court refused to give appellant's tendered instructions numbered 12, 18 and 22. In essence, appellant's tendered instruction No. 12 states that if the jury believes that the credibility of State's witness Eva Wood has been successfully impeached, then the jury should disregard her testimony. It is a well-settled rule that when a requested

instruction is substantially covered by other instructions given by the trial court, no error is committed by refusal to give the requested instruction. *Eastin* v. *State* (1954), 233 Ind. 101, 117 N. E. 2d 124. In the instant case, the trial court's instruction No. 6 substantially covered the matter in question when it charged the jury with the duty of being the judges of the credibility of the witnesses. The same instruction also informed the jury what elements to weigh when deciding the credibility of witnesses and that in a case of conflict it was for the jury to decide which version to believe. In addition, it should be noted that appellant's tendered instruction No. 12 attempts to single out one particular witness. Such use of an instruction is improper. *Moore* v. *State* (1926), 198 Ind. 547, 153 N. E. 402, 154 N. E. 388.

The first part of appellant's tendered instruction No. 18 reads as follows:

> "Evidence has been introduced to show the defendant made certain admissions appearing in evidence. Verbal statements or admissions should be received by you with great caution, as they are subject to much imperfection and mistake, owing to the person speaking not having clearly expressed his own meaning, or the person spoken to not having clearly understood the speaker."

This statement in itself is a proper admonition to the jury since the State had introduced testimony of an admission made by appellant. However, tacked to this statement is an observation to the effect:

> "It frequently happens, also, that the witness, by unintentionally altering a few words or expressions really used, gives an effect to the statement entirely at variance with what the speaker actually did say. But when such verbal statements are precisely given, and identified by intelligent and reliable witnesses, they are often entitled to great credit."

To give such an instruction to the jury, as embodied in the latter part of appellant's tendered instruction No. 18, would

be as improper as if the trial court were to tell the jury that individuals charged with a crime are often guilty. Therefore, no error was committed by the trial court in refusing to give appellant's instruction No. 18 since a court may refuse to give the whole instruction where a part of it is erroneous. *Cole* v. *State* (1932), 203 Ind. 616, 620, 173 N. E. 597.

Similarly, the court did not err in refusing to give appellant's tendered instruction No. 22. The purpose of this instruction was to inform the jury about the value of circumstantial evidence. This court has held that where there is direct evidence sufficient to convict, an instruction on circumstantial evidence alone may be refused. *Wolfe* v. *State* (1929), 200 Ind. 557, 159 N. E. 545. Such is the situation in the case at bar, for State's witness Eva Wood testified that she saw appellant threaten and later kick and beat Burkee Hill, the victim of the assault and battery.

Under Proposition "E," appellant contends that reversible error occurred when the trial court overruled appellant's motion to strike in regard to the following:

"Q. What did you do at that time?

"A. We checked the complaint. He was reported as being beaten up.

"By Mr. Marshall:

"Now, your honor, we are going to object to that statement. It wasn't made in response to any question. It was hearsay and we move it be stricken from the record.

"By the Court:

"Objection overruled. He didn't say what was said."

Appellant claims that the above answer constitutes hearsay. However, after careful consideration, we feel that no reversible error exists. First, it is a general rule of evidence that a motion to strike must designate the unresponsive portion of the answer if the answer is not entirely unresponsive, and if the motion to strike goes to the entire question and only part of the answer is unresponsive, the trial court may properly overrule the motion. *Mueller* v.

*Mueller* (1948), 118 Ind. App. 274, 277, 78 N. E. 2d 667. Second, hearsay evidence of an uncontested fact is necessarily harmless, and this court will not reverse because of harmless error. *Hedrick* v. *State* (1951), 229 Ind. 381, 98 N. E. 2d 906. In the case at bar, there is no conflict in the evidence that Burkee Hill was beaten. At most, appellant attempted to create an implication that some one else may have possibly beaten Burkee Hill.

Under Proposition "F," appellant argues that the trial court erred by striking out appellant's answer to a question propounded to him on direct examination. The record shows the following:

"Q. What did you do then?
"A. I just got up and left. I said: 'Okay, if that's the way you feel.' I said: 'Let him lay.'
"By Mr. Fair:
"I object.
"By the Court:
"That may go out."

The above is nothing more than a self-serving declaration which may be properly excluded. *Bland* v. *State* (1851), 2 Ind. 608, 611. Furthermore, no harm resulted to appellant because of the above ruling since the trial judge did not tell the jury to disregard the matter, and, as we stated above, this court will not reverse where the error is harmless. *Hedrick* v. *State, supra.*

Under Proposition "G," appellant contends that it was error for the trial court to sustain the State's objection to the following question:

"Q. And when he [prosecuting attorney] called you to the stand he had no idea what you would testify to?"

Appellant claims that the ruling in issue denied him the right to fully cross-examine the witness to whom the question was propounded. However, we do not feel that error resulted at this point since the question clearly calls for a conclusion on part of the witness. Such questions

may be excluded without error. *Bramlett* v. *State* (1949), 227 Ind. 662, 87 N. E. 2d 880.

Under Proposition "H," appellant argues that the trial court committed reversible error when it sustained the State's objection to a question propounded to State's witness Eva Wood during her cross-examination. Appellant's attorney attempted to ask Eva Wood if Margaret Day, who was a total stranger to this lawsuit, had beaten appellant's alleged victim in the past with a beer bottle. We note from the record that the general subject-matter of the relationship of Burkee Hill and Margaret Day had not been entered into on direct-examination. Therefore, it was not a proper subject for cross-examination. *Hicks* v. *State* (1938), 213 Ind. 277, 11 N. E. 2d 171, 12 N. E. 2d 501. Moreover, appellant's rights were not substantially injured since he could have recalled the witness as his own.

Under the last section of his argument, Proposition "I," appellant contends that it was reversible error for the trial court to sustain the State's objections in regard to questions about the character of State's witness Eva Wood. These questions were propounded to State's witness Earl Hollen during cross-examination. As we stated above in regard to Proposition "H," it is a general rule that the extent of cross-examination is limited to the subject-matter brought out in the direct examination. *Hicks* v. *State, supra*. We note from the record that the general subject of Eva Wood's character was not entered on direct examination of Earl Hollen. Therefore, it was not a proper issue for cross-examination. Furthermore, appellant's rights were not substantially injured since he could have recalled Earl Hollen as his own witness.

For the reasons stated above, we find no error.

*Judgment affirmed.*

Achor, Arterburn and Landis, JJ., concur. Jackson, C. J., dissents with opinion.

DISSENT

JACKSON, C. J.—I am of the opinion that specification thirty-six (36) of appellant's motion for a new trial was well taken. Such specification reads as follows:

"36. Error of law occurring at the trial in that the court erred in overruling the objection of the defendant to a question propounded to Dr. R. E. Weitzel, a witness called on behalf of the State of Indiana, during the direct examination of said witness, and in permitting the testimony of said witness in response to said question to be admitted into evidence. The specific question, the objection of the defendant, the ruling of the court, and the answer of the witness being as follows:

"Q. What is your opinion, if any, as to how his condition will remain? What it will become?
"By Mr. Marshall.
"If the court please. I don't think that is competent at all. That's not at issue here today. This isn't an action for personal injuries. It's just an action for assault and battery. It was asked only for the purpose of prejudicing the jury.
"By the Court:
"Overruled.
"A. Of course, I haven't seen him since September when he was discharged from the hospital, but in my opinion he will never improve satisfactorily enough, if he improves at all, to carry on any duties on his own as far as taking care of himself. In my opinion it's a permanent injury."

In my opinion the question was objectionable, the objection thereto should have been sustained, and the overruling of the objection permitting the answer of the witness to stand and be considered by the jury constitutes reversible error requiring the reversal of this cause.

Illinois has held in similar circumstances ". . . the evidence of the extent of the victim's injuries was irrelevant and improper. . . . We therefore are of the opinion that the defendant did not receive the fair and impartial trial to which he was entitled." *The People* v. *Nickolopoulos* (1962), 25 Ill. 2d 451, 454, 185 N. E. 2d 209.

The only purpose of the question was to prejudice the jury and under the circumstances here delineated it undoubtedly did just that. 87 A. L. R. 2d 926, 935, 936.

The attempted justification for the admission of such evidence in the majority opinion to the effect that such evidence provided a "yardstick upon which to base such punishment" is untenable. If such a policy were to be adopted punishment would be predicated on the severity of the injury rather than statutory prohibition against an assault in a rude, insolent and angry manner.

For the above reasons this cause should be reversed and remanded to the trial court with instructions to grant appellant's motion for a new trial.

## ON REHEARING

MYERS, C. J.—In his petition for rehearing, appellant has attacked the court's opinion wherein it stated that hearsay evidence of an uncontested fact admitted over objection is harmless when there is no conflict in the evidence. Appellant argues that there was a conflict since his main defense in this case was that Burkee Hill was injured from a fall rather than being beaten. Appellant took the witness stand on his own behalf and was the only one to testify in his defense. He stated that he did not strike, kick or beat Burkee Hill. This, of course, supplemented his plea of not guilty. The jury chose not to believe him. *Tait* v. *State* (1963), 244 Ind. 35, 45, 188 N. E. 2d 537. The only other witness relied upon was a physician called by the State who testified as to Burkee Hill's injuries following an examination. On cross-examination, he said that the bruises which he had described on Burkee Hill's back could have possibly occurred from a fall.

Appellant complains that a police officer's statement in the trial was hearsay evidence and so prejudicial as to constitute fatal error on the part of the court when it was admitted in evidence over objection and motion to strike. The officer had

been called to the scene of the trouble. The following colloquy took place:

"Q. What did you do at that time?
"A. We checked the complaint. He was reported as being beaten up.
"By Mr. Marshall:
"Now, your honor, we are going to object to that statement. It wasn't made in response to any question. It was hearsay and we move it be stricken from the record.
"By the Court:
"Objection overruled. He didn't say what was said."

Before the police officer volunteered this statement, a sufficiency of evidence had been introduced by the State to prove that Burkee Hill had been beaten by appellant. From this, the jury could have been convinced that appellant was guilty. Assuming that there was a conflict in the evidence, and that the admission of the officer's report was error as being hearsay, it will not constitute reversible error as it appears that such testimony would not reasonably have affected the result.

In *Pooley v. State* (1945), 116 Ind. App. 199, 205, 62 N. E. 2d 484, 486, a case involving juvenile delinquency, there was objection to the testimony of a witness to support the special findings of fact and decision of the court because it was pure hearsay. It was conceded that the testimony was largely hearsay. The court, speaking through Judge Crumpacker, said:

"As against the single assignment of error that the decision of the court is contrary to law it makes little difference whether this evidence is considered or not as there is ample evidence in the record to sustain the court's special findings without it and the facts so found unquestionably warrant the decision rendered."

See Annotation 8 A. L. R. 2d 1013.

In *People v. Ramirez* (1959), 171 Cal. App. 2d 565, 567, 340 P. 2d 665, 666, the trial court denied the defendant's motion to strike a remark made by a police officer which was not in response to a question. The officer stated:

" '. . . I said that after so many complaints we had about you robbing people when they were drunk, that maybe this time you were finally going to get caught.' "

The District Court of Appeals held that the trial court erred in denying defendant's motion to strike, but held further as follows:

"Appellant's guilt of robbery was clearly shown by the testimony of Estrada and Maciel. The court accorded it full credit and we can do no less. In view of the convincing nature of the evidence presented by the People we are unable to say that the error was prejudicial to an extent that would call for a reversal."

Appellant cites the case of *Bryant* v. *State* (1933), 205 Ind. 372, 186 N. E. 322, as authority for his position. This was a situation where a defendant had been arrested and convicted of unlawfully transporting liquor in an automobile. The *first* witness was a police officer who said he had been informed that the defendant was a boot-legger, delivering and taking orders for bonded whiskey, and that he could be found in a coupe with two girls. An objection to this was overruled, the trial court saying the evidence was admitted to show the officer had reasonable information on which to base the arrest. There was no evidence that the defendant was engaged in bootlegging or taking orders for whiskey. The conviction was reversed, this court stating that it could not say the testimony did not prejudice the substantial rights of the defendant.

In view of what we have previously said, we do not accept this case as being applicable to the one at bar. There, the police officer was the first witness called. No evidence had been presented previously to build a case for the State. His statement was not related to the charges against the defendant. What he said was directed at the defendant himself. None of this was present herein.

The other points raised on petition for rehearing have been decided by this court in its main opinion and do not need to be reconsidered.

Petition for rehearing denied.

Arterburn, J., concurs. Jackson, J., votes to grant rehearing.

NOTE.—Reported in 210 N. E. 2d 852. Rehearing denied 212 N. E. 2d 544.