SHEPARD, Senior Judge,
concurring.
When it came time for final instructions, Simmons tendered a charge that Indiana judges have been giving to juries in erimi-nal cases for at least 120 years:
Under the law of this state, a person charged with a crime is presumed to be *1014 innocent. This presumption continues in favor of the accused throughout the trial of this cause. You should attempt to fit the evidence to the presumption that the defendant is innocent and the theory that every witness is telling the truth.
The court declined Simmons' request and gave instead a similar instruction tendered by the prosecution. While the two were much the same, the State's version did not contain the second of the three ideas embodied in the standard instruction; it omitted the language about "continues in favor of the accused throughout the trial." It's not clear that anyone noticed this difference at the time.
As the panel's opinion indicates, Simmons relies on cases like Lee v. State, 964 N.E.2d 859, and Albores v. State, 987 N.E.2d 98, in arguing that a trial court errs when it refuses an instruction containing all three ideas-(1) there's a presumption, (2) it lasts throughout the trial, and (8) fit the evidence to the presumption if possible.
The obligation of trial courts to convey all three ideas, last confirmed in Robey v. State, 454 N.E.2d 1221 (Ind.1983), originated from the Indiana Supreme Court's decision in Farley v. State, 127 Ind. 419, 26 N.E. 898 (1891).
In Farley, the Court relied on Joel Prentiss Bishop's treatise Criminal Procedure for the rule it announced. Bishop was a practitioner in New York and Boston who became one of the most respected and most prolific authors of legal treatises during the last half of the Nineteenth Century.
Fortunately for modern lawyers, the Indiana Supreme Court Law Library continues to hold this volume upon which Justice Walter Olds relied in authoring the Farley opinion. Examination of the passages Olds cited from the Bishop treatise provides some insight into the principles that originally underlay Indiana's three-part instruction to juries.
In elaborating on the idea that the presumption of innocence and the burden of proof remains with the prosecution "throughout" the trial, Bishop noted that the State was obligated in the first instance to "make out only a prima-facie case against the defendant." Joel Prentiss Bishop, Criminal Procedure par. 1050 (8rd ed. 1880). Bishop correctly noted that onee this has occurred a defendant could well be convicted unless he presented some rebuttal, but criticized judicial decisions that characterized this moment as one in which the burden of proof shifts to the defendant. Not so, he said:
It is more exact, and it expresses the better doctrine, to say, that the prima-facie showing does not change the burden of proof, which remains with the prosecuting power to the end; the jury, to be authorized to convict, being required to take into account all the evidence on both sides, including the presumptions, and to be affirmatively satisfied from it, with the certainty demanded by law, of the defendant's guilt." Id.
This explication by Bishop fits well alongside the two pieces of Indiana precedent the Farley Court cited in support of its holding about the three-part instruction. They were Castle v. State, 75 Ind. 146 (1881) (must instruct that conviction necessitates that each and every juror be con-vineed by the evidence), and Aszman v. State, 123 Ind. 347, 24 N.E. 123 (1889) {instructions must cover the individual responsibility of each juror).
These authorities relied on in Farley suggest that the directive for the three-part instruction was born from a concern that each deliberating juror must be con- *1015 vineed during deliberations that the State has met its burden and the burden never shifts to the defendant. The language about the presumption "prevailing throughout" emphasizes this principle, but seems to add only a little to the explanation Indiana courts give to juries. Put another way, there is some daylight between "prevailing throughout" and "fit the evidence to the presumption," but not much.
This overlap in the three-part instruction mandated by Farley and Robey appears from time to time when the Court of Appeals is confronted with cases in which a trial court has failed to include all three thoughts.
Such a case is Lee v. State, cited by appellant Simmons. There, the trial court instructed on the presumption of innocence, but refused instructions on "throughout" and "fit the evidence." The Lee panel correctly noted that this was error, and it reversed, holding that failing to tell the jury to fit the evidence to the presumption of innocence was fatal and hinting that, had it been included, the omission of the "throughout" language might have been thought harmless. Error, yes, but not adequate reason to reverse.
This case largely fits the scenario envisioned in Lee. Final instructions covered the presumption and told the jury to "fit the evidence," but did not tell them the presumption "prevails throughout." This was error, of course, under Farley and Robey, but I would say not reversible, particularly in light of the fact that the full three-part instruction was given during preliminary instructions. I therefore join in affirming the convictions.