(No. 35468.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GRANEVEL ROSS, Plaintiff in Error.

*Opinion filed March 29, 1961.*

ANNA R. LAVIN, of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

An indictment returned to the criminal court of Cook County charged the defendant, Granevel Ross, with the crime of armed robbery by the first count, and with the crime of robbery by a second count, both counts being otherwise identical. Attended by counsel, defendant entered a plea of guilty to the charge of armed robbery and was sentenced to the penitentiary for a term of one to four years. He prosecutes this writ of error contending that the indictment was void for duplicity and that the trial court did not fully admonish him as to the consequences of his guilty plea. We find merit to neither contention.

Duplicity is the joinder of two or more distinct offenses

in the same count of an indictment. (*Waters* v. *People,* 104 Ill. 544; *People* v. *Link,* 365 Ill. 266.) It arises from charging more than one offense, and not from charging a single offense in more than one way, or pleading different acts contributing to the ultimate charged offense, and averments, however multifarious, will not constitute duplicity when all matters taken together constitute one connected charge. (*People* v. *Barrett,* 405 Ill. 188; *People* v. *Gillespie,* 344 Ill. 290.) Here the allegations in both counts that a felonious assault was made, and the specific description of the monies taken, were not for the purpose of charging separate and distinct crimes of assault and larceny, but for the obvious purpose of showing the different acts contributing to the ultimate offenses of armed robbery and robbery charged. Under such circumstances, the counts were not duplicitious. Cf. *People* v. *Randolph,* 2 Ill.2d 87; *People* v. *Gillespie,* 344 Ill. 290; *People* v. *Mulford,* 385 Ill. 48.

Defendant's further contention that he was improperly admonished and that he did not know to which crime he was pleading guilty is refuted by the record. When the trial court asked defendant if he wished to enter a plea of guilty to the charge of armed robbery, an affirmative reply was given and the court thereafter advised the defendant that a sentence to the penitentiary for a period of one year to life could be imposed. Reading the record in the practical and realistic manner to which we referred in *People* v. *Flathers,* 414 Ill. 486, we think it unquestionable that the plea of guilty was understandingly made. See also: *People* v. *Baldridge,* 19 Ill.2d 616; *People* v. *Domico,* 15 Ill.2d 590.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*