(No. 37025.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHRISTOPHER NICKOLOPOULOS, Plaintiff in Error.

*Opinion filed September 28, 1962.*

R. EUGENE PINCHAM, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and ELMER C. KISSANE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This case is here on a writ of error issued to the criminal court of Cook County to review a judgment of that court finding the defendant guilty of assault with intent to commit murder. The defendant contends that the court erroneously admitted prejudicial and inflammatory evidence before the jury which deprived him of a fair trial.

The evidence showed that the defendant and a friend of his came into a restaurant in Chicago at about 4:30 in the morning. The defendant testified that he had been drinking for several hours and had consumed more than a fifth of whiskey, and the proprietor of the restaurant, Frank Kallianiotis, testified that when the defendant entered his restaurant he smelled alcohol on the defendant's breath and noticed that the defendant staggered and babbled incoherently. Kallianiotis testified that in his opinion the defendant was drunk. The defendant and Kallianiotis got into an argument about a restaurant bill which led to a further

argument about the defendant's girl friend. In the course of this argument, the defendant slapped Kallianiotis and then shot him. The defendant testified that he had no recollection of having any conversation with Kallianiotis but remembered struggling with him and remembered that a gun went off and Kallianiotis fell down.

Upon this evidence, it was undisputed that the defendant shot Kallianiotis and the only question which the jury was left to determine was whether the defendant shot Kallianiotis with intent to kill him, or whether, because of the defendant's intoxication, he had no intent to kill. The police officer who investigated the shooting testified that when he arrived at the restaurant Kallianiotis was lying behind the counter on the floor and that his shirt was bloody. Over the objection of the defendant, the officer testified that when he lifted Kallianiotis he observed blood on the floor and that when he removed him from the stretcher at the hospital he observed blood on the stretcher. Over objections of the defendant, Kallianiotis was permitted to testify that as a result of the shooting he was paralyzed in his left leg and had 7 holes in his intestines. The defendant was asked on cross-examination whether, when he saw Kallianiotis at the hospital, he was being fed intravenously and had tubes down his nose. An objection to this question was sustained. The defendant contends that the evidence of the extent of the victim's injuries and concerning the blood on the floor, shirt and stretcher was improper, and also contends that the question concerning the victim's condition in the hospital was improper.

In *People* v. *Carter,* 410 Ill. 462, which involved a prosecution for assault with intent to commit murder, the defendant sought to prove that the injury which she had inflicted was not of such a character as to warrant an inference of an intent to commit murder. The trial court refused to permit this evidence and we held that the ruling of the trial court was correct and said: "There is no merit in this con-

tention by the plaintiff in error, since it was not a question of what injuries were sustained, but whether the evidence proved the crime of assault with a deadly weapon with intent to commit murder. The specific intent required by the charge is found, not from the nature or seriousness of the injury inflicted, but from the proof of the reckless character and manner of the assault, the instrument made use of by the assailant, and the other facts and circumstances shown by the evidence as indicating a malicious heart and mind." Although the issue in the *Carter* case was whether the court erred in excluding evidence of the extent of the victim's injuries rather than whether the court erred in admitting such evidence, the reasoning, as expressed in the above quotation, is appropriate here. A gun is a deadly weapon *per se* and one who deliberately fires a gun at or towards another person, either with malice aforethought or with a total disregard of human life, may be convicted of assault with intent to kill the person so attacked, irrespective of the extent of the injuries inflicted. *People* v. *Wilson*, 342 Ill. 358.

The evidence of blood on the victim's clothing, the floor and the stretcher and the evidence of the extent of the victim's injuries was irrelevant and improper. The question concerning the victim's condition in the hospital was likewise improper and even though an objection to this question was sustained, the jury was informed as to the victim's condition. The erroneous evidence was of such a nature as to be highly prejudicial to the defendant. We therefore are of the opinion that the defendant did not receive the fair and impartial trial to which he was entitled. The judgment of the criminal court of Cook County is therefore reversed and the cause is remanded for a new trial.

*Reversed and remanded.*