(No. 36714.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALFRED J. MORGAN, Plaintiff in Error.

*Opinion filed May 27, 1963.*

A. Donald Fishbein, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred

G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Edward J. Hladis and William J. Martin, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

The defendant was tried by jury in the criminal court of Cook County and convicted of the crime of unlawful possession of narcotic drugs. He was sentenced to the penitentiary for a term of not less than 5 nor more than 8 years. We have issued a writ of error to review the judgment of conviction.

The first contention advanced by the defendant is that the evidence was insufficient to establish his guilt beyond a reasonable doubt. The defendant argues that the testimony of the principal witness for the State was so inconsistent that it is entitled to no consideration. A determination of this issue requires a somewhat detailed analysis of the evidence.

James Donegan testified that on December 7, 1960, he was robbed, and that on December 9 he received a telephone call from a person who told him that if he wanted to get his clothing back he should bring $60 to a second floor apartment at 3326 S. Prairie Street in Chicago. Donegan called the police and after he had explained what had happened he and two police officers went to the address specified in the telephone call. Donegan testified that officer John Lynch went to the door of the apartment and knocked on the door. The door was opened and the witness heard talking and then saw the officer coming out into the hall with three other people. One of these parties was George Cole, who was identified by Donegan as one of the men who had robbed him, another of the parties was Evelyn Edmundson, who was in the process of moving into the apartment, and the other party was the defendant, Alfred Morgan. The witness saw officer Lynch come out of the

room with a cigarette package and heard him ask the defendant whether he had any narcotics. Donegan did not hear the defendant's reply.

Officer Lnych testified that the door to the apartment was partially opened and he knocked on the door. The door was opened by Mrs. Edmundson and the officer saw Cole in the apartment. He noticed that Cole had an earring in one of his ears and since Donegan had previously advised the officers that one of the parties who had robbed him wore an earring, Lynch called to his partner and told him that they had the man with the earring. Lynch then stepped into the apartment and asked the three people to come out in the hallway but the defendant pulled back and put his hand in his pocket. Lynch pulled his revolver and told the defendant to take his hand out of his pocket and the defendant took a cigarette package out of his pocket and put it under a table. The three persons then went out in the hallway and Lynch told his partner to keep them there because he thought he might have some narcotics. He then picked up the cigarette package and found 10 small tinfoil packs in it. He asked the defendant whether this was narcotics and the defendant denied knowing anything about the package. On cross-examination the witness testified that he was only in the apartment a minute or so and that when he came out of the apartment with the three people he had the cigarette package with him. He testified that once he had entered the apartment he never left it until the three people had gone out into the hall ahead of him. The witness testified that the package of cigarettes was resting on a shelf of a table which was about 4 feet inside the door. He was asked whether he had testified on direct examination that he first took the three people out in the hall and then went back into the apartment and picked up the cigarette package. Although an objection to this question was sustained the witness proceeded to answer and said that he did not recall ever having left

the apartment until he came out with the cigarette package. He was then asked concerning his testimony at the preliminary hearing and he said that at that time he had testified that when the defendant was coming out of the door he was seen trying to throw a package of heroin in a Salem cigarette package inside the door. He was asked whether he could reconcile that statement with his testimony at the trial. The prosecutor objected on the ground that the testimony was not inconsistent and after a colloquy between the court and counsel the court stated that he did not think there was a sufficient discrepancy in the testimony and that he thought it was pretty much the same thing. This concluded the evidence for the State, with the exception of a stipulation that the substance found in the tinfoil packages was heroin.

The first witness for the defendant was Evelyn Edmundson. She testified that she had hired the defendant to assist her in moving from her previous apartment to the apartment where the above events took place. When she and the defendant arrived at the apartment to clean it up before moving in, she and the defendant found George Cole sitting in the apartment. He stated that he was waiting for the people next door to come home and asked if it was all right to wait in Mrs. Edmundson's apartment. The witness testified that when she answered a knock on the door, several officers entered the room and some of them went straight to Cole. The officers then took all three of the people out in the hall and searched them to see if they had any "dope". She testified that she did not see the defendant throw any dope down and that he did not have any narcotics on him that she knew of. The witness testified that she was previously a narcotics addict but had ceased using drugs about a year before. On cross-examination the witness said that she saw the defendant with the Salem cigarette package but she never saw any dope and that she just saw the defendant give the cigarette package

to the officer. She was asked on cross-examination whether she remembered telling officer Alyinovich, Lynch's partner, that she had been using dope and that the defendant was her source of supply, and she denied having any such conversation.

George Cole testified that when the knock came on the door the defendant opened the door. The officer then took Cole and the defendant out in the hall and searched them and returned to the apartment with another officer to search the apartment. In about 5 or 6 minutes one of the officers came out with a package which he said contained narcotics. The officer asked the defendant if he owned the package containing the narcotics and the defendant said that he had no knowledge of it. The witness testified that he did not see the defendant dispose of the cigarette package. Cole admitted that he formerly used narcotics but testified that he had not used them for about 6 years. He admitted that he was presently an inmate of the State penitentiary as a result of his conviction of the robbery of Donegan.

The defendant testified that Evelyn Edmundson answered the knock on the door and that officer Lynch entered and searched the defendant and Cole, and attempted to search Mrs. Edmundson but she refused to permit him to do so. According to the defendant, Lynch then took the three parties out into the hallway and told his partner that Cole was the man they wanted. The defendant testified that Lynch then went back into the apartment and came out of the pantry with some hypodermic syringes. He asked all of the parties whether the syringes were their property and they all denied knowing anything about them. According to the defendant, officer Lynch then went back to the apartment for the third time and came out with the cigarette package. He denied any knowledge of the cigarette package and denied that he possessed any narcotics at the time in question.

On rebuttal, officer Alyinovich testified that he had a conversation with Mrs. Edmundson and that she had told him that the narcotics belonged to the defendant and that the purpose of his being in her apartment was to sell narcotics to her. It was stipulated that the defendant had been previously convicted of the crime of burglary.

The defendant contends that the conviction must stand or fall upon the testimony of officer Lynch, since he is the only witness who testified that the package containing narcotics was in the defendant's possession. The defendant argues that Lynch's testimony at the preliminary hearing that when the defendant was coming out of the door he was seen trying to throw a package of heroin in a Salem cigarette package inside the door is completely inconsistent with his testimony on direct examination that he saw the defendant take the package of cigarettes out of his pocket and saw him put the package under a table. It is true that Lynch's testimony on direct examination went into more detail than his testimony at the preliminary hearing, but his testimony at the trial that he saw the defendant take the package from his pocket and place it under the table is consistent with his testimony that the defendant was seen trying to throw the cigarette package inside the door as he was leaving the apartment. The inconsistency, if any, is only in whether the defendant threw the package or placed it under the table, which in our opinion is of such a minor nature that it does not in any way detract from officer Lynch's positive testimony that the defendant possessed the package containing narcotics. The defendant also argues that Lynch's testimony on cross-examination that the defendant reached in his pocket and threw the cigarette package under the table is inconsistent with his testimony on each prior occasion. The defendant again points to the discrepancy between the defendant placing the package under the table and throwing it under the table, which, as we have previously noted, is of a minor nature. The defend-

ant also argues that Lynch testified on direct examination that he first took the three people out into the hall and then went back into the apartment to pick up the package and that he testified on cross-examination that the defendant disposed of the package before he and Lynch left the apartment. This argument is not supported by the record. A careful reading of the officer's testimony on direct examination and on cross-examination reveals that on both occasions he testified that the defendant disposed of the package before he and Lynch ever left the apartment. The alleged discrepancies in Lynch's testimony either do not exist or are of a minor nature. Furthermore, these alleged discrepancies were fully brought out before the jury, whose function it was to determine the credibility of the witness. Also, we note that Evelyn Edmundson, who testified for the defendant, said that she saw the defendant give the officer the cigarette package. In our opinion the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt.

The defendant also argues that the court unreasonably restricted the defendant's cross-examination of officer Lynch and made an improper comment on Lynch's testimony. This argument is based upon the testimony on cross-examination, to which we have previously referred, in which the officer was asked whether he had not testified in a certain manner on direct examination. Although an objection to this question was sustained, the officer answered the question by restating what he had said on direct examination. In view of the fact that the officer answered the question there is no merit to the defendant's contention that cross-examination was unduly restricted, in spite of the ruling of the court sustaining the objection.

It is further urged that the court improperly restricted the right of cross-examination by sustaining an objection to defense counsel's question as to whether the officer could

reconcile his testimony on direct examination with his testimony at the preliminary hearing. The court did not announce his ruling on the objection until after a discussion by the court and counsel and then did not make a formal ruling but stated that he did not believe that there was a sufficient discrepancy in the testimony. The defendant argues that this remark by the trial judge was an improper comment on the evidence and indicated that the trial judge was favorable to the prosecution. In our opinion the statement of the trial judge was a tacit ruling sustaining the prosecutor's objection and explaining his reasons therefor. As we have pointed out, there was no substantial discrepancy between the officer's testimony at the preliminary hearing and his testimony on direct examination and the court's statement explaining his ruling was not prejudicial error.

In addition to the contentions which have previously been discussed, the defendant argues that the court erred in permitting the prosecutor to ask Mrs. Edmundson whether she had told officer Alyinovich that the defendant was supplying her with narcotic drugs, and erred in permitting the officer to testify in rebuttal that Mrs. Edmundson had made such a statement. It is well established that evidence of prior inconsistent statements by a witness is admissible to impeach the witness' credibility. Such evidence is not admitted as proof of the truth of the facts stated by the witness, but to cast doubt on the testimony of the witness by showing his inconsistency, and the evidence is therefore not hearsay. (*People* v. *Moses,* 11 Ill.2d 84; *People* v. *Smith,* 391 Ill. 172.) The statement by Mrs. Edmundson that the defendant was her source of supply was material since it tended to cast doubt on her testimony on direct examination that the defendant did not have any narcotics in his possession as far as she knew, and it was therefore proper to lay the foundation by asking Mrs. Ed-

mundson if she had made this statement and it was proper to complete the impeachment by the rebuttal testimony of the officer. The defendant relies upon *People* v. *Johnson*, 333 Ill. 469; *People* v. *Krejewski*, 332 Ill. 120; *People* v. *Boulahanis*, 394 Ill. 255, in support of his contention that such testimony is improper. In these cases the witness had been called as the court's witness and the cases hold that the State should not be permitted, under guise of impeachment, to prove the prior inconsistent testimony of a witness for whose veracity the defendant had not vouched. In the present case, Mrs. Edmundson was a witness for the defendant who vouched for her veracity. It was therefore proper for the prosecutor to impeach Mrs. Edmundson by any proper method. We are of the opinion that the testimony in question was properly admitted.

Finally, the defendant argues that the prosecutor was guilty of prejudicial conduct in his argument to the jury. The defendant failed to object to much of the argument about which he now complains and his contentions concerning those portions of the argument will therefore not be considered on review. The defendant objected to a statement by the prosecutor that drug addicts come into court and testify for their supplier because they want to maintain their source of supply. The court admonished the prosecutor to keep anything that was not in the record out of the discussion, following which the prosecutor stated that if he had said anything that the court thought was improper he apologized. In view of the admonishment by the court and the prosecutor's apology, we are of the opinion no prejudicial error occurred. The only other portion of the argument to which objection was made in the trial court related to the evils of the narcotics traffic. Such an argument does not exceed the permissible bounds. *People* v. *Hampton*, 24 Ill.2d 558, 561.

After reviewing the record and all of the arguments advanced by the defendant, we are of the opinion that the

evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt and that he received a fair trial free from prejudicial error. The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*