**People of the State of Illinois, Plaintiff-Appellee, v. Richard Rojas, Defendant-Appellant.**

Gen. No. 65–44.

Second District.

March 21, 1966.

Melvin L. Schlueter, of Rockford, for appellant.

William R. Nash, State's Attorney, and Alfred W. Cowan, Jr., Assistant State's Attorney, both of Rockford, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

The defendant prosecutes this appeal following a jury verdict finding him guilty of theft of property exceeding One Hundred Fifty ($150) Dollars in value, to-wit: A certain 1964 Chevrolet automobile.

Early on the morning of August 22, 1964, one James Thiede parked his 1964 Chevrolet automobile in an alley in downtown Rockford; he left the keys in the ignition and crossed the street to a restaurant to pick up a carryout pizza. As he was leaving the restaurant, Thiede saw his car being driven away, shouted "Stop," but the car continued on. He thereupon called the police on a police telephone nearby and gave them a description of the car. A few minutes later patrol officers, Peterson and Caldwell, received the stolen vehicle report over their patrol car radio. Shortly thereafter, the officers noticed a car matching the description of the stolen vehicle on the

west side of Rockford; the officers followed the car to the east side and stopped it near the easterly city limits. The defendant got out of the car, and when asked for a driver's license could produce none. When inquiry was made as to the ownership of the vehicle, the defendant first said it was his and then a few minutes later said that the car belonged to a friend.

The officers thereupon took the defendant to the police station, booked him on the charge of no driver's license, and then turned him over to members of the detective bureau. The officers then took the owner of the vehicle, Thiede, before a magistrate where he signed a complaint against the defendant for grand theft, upon which the magistrate issued an arrest warrant for the defendant. The officers then returned to the station where one of them read the warrant to the defendant in jail, and they both then returned to their normal patrol duties.

At approximately 10:00 a. m., on the same morning, within approximately eight hours of his arrest, the defendant gave a written statement to certain Rockford detectives, wherein he admitted that he had stolen the Thiede vehicle.

The defense was to the effect that on the evening before and the early morning in question, the defendant had been drinking heavily after suffering a romantic setback; that he left a certain tavern at approximately 1:00 o'clock a. m., and proceeded some distance on foot until he was stopped by an unknown person who identified himself as Carl; that after conversation with this unknown person, Carl, as to where the defendant was going and how he was going to get there, Carl offered to lend his car to the defendant for Five ($5) Dollars; that after paying the Five ($5) Dollars, the defendant got in and drove off the supposed leased vehicle only to

173

find out when he was stopped that it did not belong to the unknown person, Carl.

It is contended on this appeal that error was committed by the improper manner in which the defendant was impeached by his prior convictions of infamous crimes, that the defendant's confession was inadmissible and that the defendant was prejudiced by certain remarks of the trial judge.

After testifying in his own behalf, the defendant was cross-examined concerning his prior convictions for infamous crimes. The cross-examination in this respect consisted of nothing more than the defendant being asked whether he had been convicted of burglary in the state of Arizona in 1949 and of armed robbery in Cook County, Illinois, in 1958. To both of these inquiries he answered affirmatively. At the conclusion of the defendant's case, the court received in evidence an authenticated copy of the record of conviction of the defendant for burglary in Arizona and that for armed robbery in Cook County, Illinois.

■ ■ In light of the traditional Illinois view that such convictions of the accused are provable only by the record and cannot be brought out on cross-examination, what is here assigned as error is a trial procedure that accomplishes such proof by both methods. This court has recently considered this question in the case of People v. Smith, 63 Ill App2d 369, 381, 211 NE2d 456, (1965), where, after considering the history of this procedure before the reviewing courts of this state, we concluded that in circumstances such as are here present it was not error to cross-examine the defendant and then introduce the record. For the reasons suggested in the Smith case, we again wish to be understood as not condoning the trial procedure here employed, and merely hold that in the instant case it did not constitute reversible error. We are further of the opinion that in order to encourage a defendant to take the stand, because the

State has ample opportunity to obtain the record, and because of the possibility of the cross-examination creating prejudice, the accepted procedure of introducing the record only should be followed.

The defendant next contends that his confession was inadmissible. The assigned reasons are that it was given to two detectives approximately eight hours after his arrest, before he had been taken before a magistrate, while without counsel, and before he was first advised of his right to counsel. Insofar as here pertinent, the facts disclose that the defendant was found to be operating the stolen vehicle within a matter of minutes after the report was received; that he had no driver's license and gave conflicting stories as to the ownership of the vehicle. He was taken to the police station, booked on the charge of no driver's license, and held in custody while the owner was taken before a magistrate for purposes of signing a complaint. Immediately after the arrest a warrant was issued by the magistrate and personally served on the defendant. Within approximately eight hours after his arrest, he gave an oral statement and then signed a written statement, wherein he admitted the theft of the vehicle. The confession was given of his own free will and accord, no threats or promises had been made to or against him, and he had been advised that the statement could be used in court against him. The facts further show that the defendant was arrested at approximately 1:00 o'clock a. m., on a Saturday morning and that the owner of the vehicle was taken to the home of the magistrate to sign the complaint. It is against this factual backdrop, then, that the defendant urges the inadmissibility of the confession.

 The determinative factor insofar as the admissibility of a confession is concerned is its voluntariness. Voluntariness in turn can be concerned with many factors. Here, the defendant is only concerned with the failure to affirmatively advise him of his right to counsel

and the eliciting of the confession prior to taking him before the magistrate.

 Considering the admitted failure to affirmatively advise the defendant of his right to counsel and to remain silent before procuring a confession, the Supreme Court of this state has repeatedly held that absent a request for counsel such failure does not render a confession inadmissible which is otherwise voluntary. People v. Hartgraves, 31 Ill2d 375, 379, 202 NE2d 33 (1964); People v. Lewis, 32 Ill2d 391, 393, 207 NE2d 65 (1965). The record before us is devoid of even so much as an assertion that the defendant requested and was denied counsel, and accordingly, the error urged is without merit.

 Next, considering the obtaining of the confession some eight hours after being taken into custody and before being taken before the magistrate, what the defendant, in effect, complains of is that he was not taken without unnecessary delay before a judge, that this delay constituted an illegal detention, and that a confession given during a period of such detention is per se inadmissible. Considering all of the attendant circumstances, including the hour and day of the arrest, we cannot agree that the confession was derived during a period of illegal or unreasonable detention. Further, even if we were to assume that the confession here was secured during a period of unreasonable or illegal detention, this alone does not render it inadmissible. And, further, even if the defendant contends that there was illegal or unreasonable detention after the confession was made, this will not relate back so as to render the confession inadmissible. People v. Jackson, 23 Ill2d 274, 277, 178 NE 2d 299 (1961); People v. Palmer, 31 Ill2d 58, 68, 198 NE2d 839 (1964).

We are satisfied that the defendant's contention of illegal or unreasonable detention is unfounded. We further find no facts or circumstances in connection with

176

the complained of period of detention which render the confession inadmissible.

■ The defendant lastly complains of a statement made by the trial judge in ruling upon an objection of the State and contends that this constituted an expression of the court's opinion as to the validity of the defendant's defense. In his opening argument, counsel for the defendant stated that the evidence would show that the defendant was very much in love with a certain young lady who had recently jilted him. At that point the State objected on the grounds that this was immaterial. In sustaining the objection, the court stated: "The Court will not permit you to put in evidence of his trouble with his girl friend." To which the counsel for the defendant replied: "This goes to the very heart of the intent." To which the court in turn replied: "It does not go to the heart of this case. I will not permit evidence on that subject."

It appears obvious to us that not only was the trial court's ruling correct, but, taken in context, it appears that the first statement was merely explanatory of the ruling and the second responsive to and elicited by counsel for the defendant. The fact that the defendant was a jilted lover has no bearing on his intent when the vehicle was taken. If anything, such an argument would appear to suggest that the defendant knowingly stole the vehicle intending thereby to punish himself and cause his former girl friend to feel sorry for him. The trial court did not err in its ruling in this respect.

The judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

ABRAHAMSON and DAVIS, JJ., concur.