THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE PEARSON, Defendant-Appellant.

(No. 71-139;

Second District—April 4, 1972.

Ralph Ruebner and Donald L. Dudycha, both of Defender Project, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, for the People.

Mr. JUSTICE T. MORAN delivered the opinion of the court:

Defendant appeals after a jury found him guilty of the offense of aggravated battery in violation of Ill. Rev. Stat. 1969, ch. 38, par. 12—4(b)(1).

Defendant was indicted under two counts, attempted murder and aggravated battery, but convicted of only the latter charge. His petition for probation was denied, and he was sentenced to a term of three to seven years in the penitentiary.

On appeal, defendant contends that: (1) he was not proven guilty beyond a reasonable doubt in that the State failed to successfully rebut the issue of self-defense; (2) he was deprived of a fair trial by the admission of irrelevant and inflammatory evidence; (3) the trial court improperly denied his petition for probation; (4) the trial court imposed a maximum sentence in excess of the statutory penalty; and (5) the minimum sentence is excessive and should be reduced.

The charges arose out of the shooting of John Cooley on the night of July 18, or early morning of July 19, 1970. Defendant admits the act, but contends it was one of justifiable self-defense. There is considerable conflict in the evidence given by the three principal witnesses—defendant, Cooley, and one Oak Malone. Since the jury apparently relied upon the version presented by Cooley, we first reconstruct the occurrence from his testimony.

It appears that Cooley and Oak Malone had been together for most of the night in question. At approximately 11:00 P.M., they came to the parking lot of a tavern in the City of Rockford and, while in the car, had a "couple beers." During this time, Cooley's girlfriend came out of the tavern to ask if he was ready to leave. When Cooley said no, defendant, who was present, suggested that Cooley take her home. Cooley told defendant to mind his own business, and defendant then drove his car out of the lot. Cooley denied that he was intoxicated or angry at the time. Within five or ten minutes defendant returned to the lot, parking his car near Cooley's. Cooley was standing outside of his car when defendant got out of his car, stood in its doorway and immediately shot Cooley twice. Cooley denied any provocation on his part, or that he had a gun at that or any prior time.

The testimony given by defendant refutes the above version of events on several material points. In particular, defendant testified that Cooley was "high" as well as angry, and had been acting boisterously throughout the night. He also testified that upon his return to the parking lot, he parked away from Cooley and never got out of his car; that Cooley started walking toward him using abusive and threatening language, and that he shot to protect himself when Cooley pulled a gun out of his hip pocket.

The testimony of Oak Malone affirmed that he had been with Cooley for the evening and substantially corroborated defendant's portrayal of Cooley being "high" and talking loudly during the events leading up to the shooting. He testified that on defendant's return to the parking lot, it was Cooley who started walking toward defendant while the latter never left his car. He was, however, unable to state unequivocally whether Cooley had a weapon during the incident. No weapon was ever

found near the scene of the incident or on the person of Cooley.

■■ Defendant's first argument is that he was not proven guilty beyond a reasonable doubt because the State did not successfully rebut the issue of self-defense, primarily due to its failure to introduce rebuttal testimony. It is true that when a defendant introduces evidence tending to prove an affirmative defense (as here with the theory of self-defense), the State has the burden of proving defendant's guilt beyond a reasonable doubt on that issue as well as every other element of the offense. (Ill. Rev. Stat. 1969, ch. 38, par. 3—2(b).) However, the determination of whether justifiable self-defense has been established is the province of the trier of fact, and the decision of the jury on that issue will be disturbed unless its finding is so contrary to the evidence that a reasonable doubt of guilt remains. (*People v. Jordan* (1960), 18 Ill.2d 489, 492-493.) In the present case, while the testimony of Cooley and defendant was substantially opposite on the issue of self-defense, Cooley's testimony given during the State's case in chief did, in itself, rebut the defendant's contention that he acted in justifiable self-defense. The jury was entitled to base its verdict solely on Cooley's testimony if it so chose. (*People v. Gipson* (1963), 29 Ill.2d 336, 341; *People v. Johnson* (1962), 24 Ill.2d 195, 198.) Under the circumstances of this case, it was not necessary for the State to introduce rebuttal evidence in order to defeat defendant's claim of self-defense. *People v. Hill* (1969), 116 Ill.App.2d 157, 160; *People v. Johnson* (1969), 112 Ill.App.2d 148, 151-153.

■■ Defendant's second contention is that he was deprived of a fair trial by admission of irrelevant and inflammatory evidence, *i.e.*, testimony of the extent of injuries suffered by Cooley and introduction of his blood stained clothing. Defendant relies on *People v. Nickolopoulos* (1962), 25 Ill.2d 451, which reversed a conviction on the ground that similar evidence was irrelevant and highly prejudicial. We feel, however, that the present case is distinguishable from *Nickolopoulos*. There, the defendant being charged with the sole offense of assault with intent to commit murder, the only issue was whether defendant possessed the requisite intent to commit the crime, or whether he was incapable of forming that intent because of intoxication. It has been held that if particular evidence is relevant, it will not be withheld from the jury merely because of its inflammatory nature. (*People v. Roy* (1971), 49 Ill.2d 113, 116-117; *People v. Kolep* (1963), 29 Ill.2d 116, 124; *People v. Jenko* (1952), 410 Ill. 478, 482.) In the present case, defendant was charged with attempted murder and aggravated battery. Unlike *Nickolopoulos*, where the extent of injuries was irrelevant to the possible effect intoxication may have had on intent, the extent of the injuries here inflicted was relevant to defendant's intent to murder, (*People v. Cunningham* (1966), 73

Ill.App.2d 357, 364, and to the issue of self-defense, indicating whether the degree of force used was necessary, (*People v. Franklin* (1966), 74 Ill.App.2d 392, 397). The evidence was properly admitted as probative of these issues. (Other cases distinguishing *Nickolopoulos* and allowing use of allegedly prejudicial evidence on grounds of relevancy are: *People v. Heller* (1971), (Ill.App.2d), 267 N.E.2d 685; *People v. Doyle* (1966), 76 Ill.App.2d 302; and *People v. Tilden* (1964), 50 Ill.App.2d 354.

■■ Defendant places particular reliance on the fact that the probation officer recommended probation and asserts that the trial court improperly denied his petition for probation. The Illinois Supreme Court has consistently held that the question of probation is within the discretion of the trial court. The exercise of that discretion will be reversed only when abused or purely arbitrary. (*People v. Saiken* (1971), 49 Ill.2d 504, 514-515; *People v. Hamby* (1955), 6 Ill.2d 559, 563, 567; *People v. Molz* (1953), 415 Ill. 183, 190.) Here, the trial court had before it a copy of the probation report and defendant was afforded the opportunity for a full hearing. Neither the record nor defendant's briefs reveal any action by the trial court, in the denial of probation, which might be construed as arbitrary or an abuse of discretion.

■■ The final arguments advanced by defendant relate to his sentence of three to seven years. Defendant first asserts that he was sentenced to a term in excess of the statutory maximum. Defendant was tried on the charge of aggravated battery in violation of Ill. Rev. Stat. 1969, ch. 38, par. 12—4(b)(1). The maximum sentence provided under that section is five years. It is apparent that the trial court mistakenly sentenced defendant under the aggravated battery provision of par. 12—4(a), which carries a maximum penalty of ten years. The State agrees with defendant that he may not be sentenced to a term of imprisonment greater than the maximum. (Ill. Rev. Stat. 1969, ch. 38, par. 1—7(e).) For this reason, we reduce defendant's sentence to the statutorily authorized maximum of five years.

■■ Defendant last asserts that his minimum sentence of three years is excessive in view of "extreme mitigating circumstances." We are aware that the trial court is normally in a superior position to determine appropriate punishment, (*People v. Fox* (1971), 48 Ill.2d 239, 251-252), and that our authority to reduce sentences should be applied with caution, (*People v. Saiken, supra,* 514). We note, as did the trial court, that defendant herein, father of nine children, had demonstrated an apparent stability in terms of employment and family life. In erroneously sentencing defendant under par. 12—4(a), the trial court allowed a significant difference between the minimum and maximum sentences, a practice preferred in order to give full potential to rehabilitation and the

operation of the parole system in accordance with the philosophy of indeterminate sentences. Having already reduced defendant's maximum sentence because it exceeded the statutory penalty, we feel it appropriate to reduce the minimum sentence to two years in order to preserve a significant span for the working of the indeterminate sentence. See, *People v. Jacque* (1970), 131 Ill.App.2d 365, 266 N.E.2d 514, 515, and our case of *People v. Knox* (1972), 3 Ill.App.3d 1050.

Finding error only in the punishment imposed, we modify the sentence of two to five years, and so modified, we affirm.

Judgment modified and, as modified, affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.