THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DENNIS KENT, Defendant-Appellant.

(No. 58590; ▮▮▮▮▮▮▮▮

First District (4th Division)—March 13, 1974.

James J. Doherty, Public Defender, of Chicago (Lee T. Hettinger, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Algis Baliunas, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant was found guilty of reckless conduct and sentenced to a term of one year in the House of Correction.

The only issue presented on appeal is whether the charge set forth in the complaint was defective for duplicity.

Complainant, Adolph Buckley, charged the defendant, Dennis Kent, "on November 6, 1972, at 534 W. Division Street, committed the offense of reckless conduct in that he intentionally and knowingly without legal justification caused bodily harm and endangered the life of Adolph Buckley, by recklessly discharging a shotgun pointed at the victim, Adolph Buckley, in violation of Chapter 38, Section 12—5 of the Illinois Revised Statutes." The complaint was filed along with another complaint charging the defendant with battery. The court read the charges to the defendant as follows:

> "COURT: All right, Mr. Kent, you are charged with the misdemeanor offense of reckless conduct in that you intentionally and knowingly without legal justification caused bodily harm and endangered the life of Adolph Buckley by recklessly discharging a shotgun pointed at the victim. Do you understand the charge against you?
>
> MR. KENT: Yes, sir, your Honor.
>
>        * * *
>
> COURT: How do you wish to plead?
>
> MR. KENT: Not guilty."

The evidence showed that the defendant approached a group of youths, hit his chest with his hand, a sign which meant "Stone love," and fired a sawed-off shotgun into the group. After the close of the evidence, there was a finding of guilty as to the offense of reckless conduct, and a discharge on the battery since it arose out of the same transaction. This

appeal addresses itself only to the language set forth in the first complaint.

The defendant contends the complaint is defective for duplicity by virtue of charging two separate and distinct offenses—battery and reckless conduct—in one count. Defendant argues the statutory language of battery was charged by the language "intentionally and knowingly without legal justification caused bodily harm to Adolph Buckley," while at the same time the statutory language of reckless conduct was charged by the language "caused bodily harm and endangered the life of Adolph Buckley, by recklessly discharging a shotgun pointed at the victim." Defendant bases his contention on the decision in *State v. Morton* (1946), 142 Me. 254, wherein the court stated:

> "The well established rule of criminal pleading that prohibits the joinder of two or more substantive offenses in the same count, is important to every respondent. It is necessary that a person who is accused of a crime should know the specific charge against him in order that his rights be protected. Each count should, therefore, present only a single issue which, if sustained, subjects the accused to a punishment that is specified."

■■ We believe there was no duplicity in the instant complaint which charged but one offense, that of reckless conduct. The prosecution in the instant complaint charged the defendant with reckless conduct. In another complaint, upon which the defendant was discharged, the crime of battery was charged. The instant complaint correctly charged the offense of reckless conduct. In addition, the words "intentionally and knowingly" were appended. These words were merely surplusage or "multifarious," and do not confuse or contribute to the clearly charged offense of reckless conduct. In *People v. Ross* (1961), 21 Ill.2d 419, 420, the Illinois Supreme Court stated:

> "Duplicity is the joinder of two or more distinct offenses in the same count of an indictment. [Citations.] It arises from charging more than one offense, and not from charging a single offense in more than one way, or pleading different acts contributing to the ultimate charged offense, and averments, however multifarious, will not constitute duplicity when all matters taken together constitute one connected charge."

In the case at bar, there was "one connected charge," reckless conduct, and no multifarious language can alter that fact.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and JOHNSON, J., concur.