THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID FRANCIS TRINKLE, Defendant-Appellant.

Fourth District   No. 12915

Opinion filed August 5, 1976.

Richard J. Wilson and Richard J. Geddes, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

In a jury trial, defendant was found guilty of attempt murder under sections 8—4(a) and 9—1(a)(2) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, pars. 8—4(a), 9—1(a)(2)), and sentenced to an indeterminate term of 1 to 5 years.

Section 8—4(a) provides that:

"A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense."

Section 9—1(a)(2) provides that:

"A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death:
⁕ ⁕ ⁕

(2) He knows that such acts create a strong probability of death or great bodily harm to that individual or another; or."

The evidence shows that on February 28, 1974, defendant went to Suppan's Tavern for lunch, and remained the entire afternoon consuming between 20 and 30 glasses of beer. Late that afternoon, the bartender, believing defendant to be intoxicated, refused him further service from the bar. Defendant thereupon became angry and made statements to the effect that he would "shoot or blow up the bar." Following these

statements, he went to another bar where he consumed several more drinks and purchased a .357 magnum handgun. Defendant then returned to the vicinity of Suppan's, fired a shot at the building, which pierced the front door, and wounded a patron inside the tavern.

The indictment for attempt murder charged that:

> "David Francis Trinkle committed the offense of ATTEMPT (MURDER) in that said defendant did perform a substantial step toward the commission of that offense in that he did without lawful justification shoot Gayle Lane with a gun knowing that such act created a strong probability of death or great bodily harm to Gayle Lane or another * * * ."

Defendant brings this appeal contending that (1) the indictment charging attempt murder is insufficient for failure to allege specific intent to commit murder; (2) that the jury was improperly instructed as to the mental state necessary to sustain a verdict of guilty of attempt murder; and (3) that the evidence was insufficient to prove beyond reasonable doubt that defendant intended to take human life.

The State argues that defendant had the requisite intent for attempt murder because he knowingly performed an act which created a strong probability of death or great bodily harm and was properly found guilty because he could have been found guilty of murder had the victim died.

■■ An indictment for attempt need not set forth the elements of the crime attempted as fully and specifically as would be required in an indictment for the actual commission of the crime. (*People v. Williams* (1972), 52 Ill. 2d 455, 288 N.E.2d 406.) Where specific intent is an element of the attempted offense, however, the indictment must include the elements of specific intent. (*People v. Woodward* (1973), 55 Ill. 2d 134, 302 N.E.2d 62; *People v. Mack* (1974), 24 Ill. App. 3d 455, 321 N.E.2d 446.) Attempt murder is a specific intent offense, and the specific intent which must be proved is the specific intent to kill. *People v. Koshiol* (1970), 45 Ill. 2d 573, 262 N.E.2d 446; *People v. Palmer* (1964), 31 Ill. 2d 58, 198 N.E.2d 839 (*Koshiol* and *Palmer* overruled on other grounds in *People v. Nunn* (1973), 55 Ill. 2d 344, 304 N.E.2d 81, *cert. denied*, 416 U.S. 904, 40 L. Ed. 2d 108, 94 S. Ct. 1608); *People v. Davis* (1972), 6 Ill. App. 3d 622, 286 N.E.2d 8.

Both parties to this appeal cite the case of *People v. Davis*, and seemingly disagree as to its impact. The holding of the *Davis* case, insofar as it is applicable here, is that specific intent to kill must be proven to sustain a conviction of attempt murder. Although the specific intent to kill may be inferred from the circumstances of the assault (*Koshiol*), specific intent for attempted murder may not be transferred from the intent to commit another crime through the felony-murder rule. *Davis; People v.*

*Viser* (1975), 62 Ill. 2d 568, 343 N.E.2d 903; *People v. Farnsworth* (1973), 10 Ill. App. 3d 844, 295 N.E.2d 83, *rev'd on other grounds*, 31 Ill. App. 3d 771, 335 N.E.2d 18.

Knowledge that an act creates a strong possibility of death, or great bodily harm, and intent to kill are not equivalent mental states. The legislature recognized this difference. "Intent" is defined in section 4—4 of the Criminal Code as follows:

"A person intends, or acts intentionally or with intent, to accomplish a result or engage in conduct described by the statute defining the offense, when his conscious objective or purpose is to accomplish that result or engage in that conduct." (Ill. Rev. Stat. 1973, ch. 38, par. 4—4.)

"Knowledge" is defined in section 4—5 of the Code as when:

"A person knows, or acts knowingly or with knowledge of:

(a) The nature or attendant circumstances of his conduct, described by the statute defining the offense, when he is consciously aware that his conduct is of such nature or that such circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that such fact exists.

(b) The result of his conduct, described by the statute defining the offense, when he is consciously aware that such result is practically certain to be caused by his conduct.

Conduct performed knowingly or with knowledge is performed wilfully, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning." Ill. Rev. Stat. 1973, ch. 38, par. 4—5.

The recent closely analogous case of *People v. Muir* (1976), 38 Ill. App. 3d 1051, 349 N.E.2d 423, supports the necessity of proving the specific intent to kill as a requisite for a finding of guilt of attempt murder. The attempt indictment in the *Muir* case similarly incorporated language of the murder statute (par. 9—1(a)(2)) where it stated that the defendant did acts "knowing such acts created a strong probability of death or great bodily harm" to the victim. The appellate court ruled that the inclusion of the words "great bodily harm" in the indictment, without charging that the defendant had the specific intent to kill, constituted reversible error.

We concur with the *Muir* reasoning. The incorporation of the words "great bodily harm" in the indictment and jury instructions creates the inference that the finder of fact may find the defendant guilty of attempt murder for the mere infliction of great bodily harm without a finding of the required specific intent to kill necessary to support a conviction of attempt murder. As the *Muir* case stated:

"To permit a charge of attempt (murder) to be sustained upon proof of an allegation that the defendant committed an act which

allegedly constituted a substantial step towards commission of the offense of murder knowing that such act created a strong probability of great bodily harm would mean that every person who commits or attempts to commit an aggravated battery would be guilty of attempt murder. [Citation.] In addition, such a conviction could be sustained upon proof that the defendant inflicted or attempted to inflict great bodily harm while entertaining a mental state which is less culpable than 'knowingly' required in section 12—4(a)." 38 Ill. App. 3d 1051, 349 N.E.2d 423, 429.

■■ In the instant case, the indictment incorporating the statutory language of section 9—1(a)(2) is inadequate, because it does not contain the requisite specific intent element. Furthermore, defendant's alleged knowledge of the strong probability of great bodily harm to the victim is not sustained by the evidence. Even if knowledge of great bodily harm were proved beyond a reasonable doubt, that knowledge, of itself, would not be sufficient to sustain a finding of specific intent to kill.

■■ In addition, reasonable doubt persists as to whether the specific intent to kill could be inferred from defendant's actions, as the defendant did not know the victim was standing behind the door. Many cases dealing with the problem of implied malice, and reckless disregard for the value of human life, speak in terms of a defendant who fires, or attempts to fire, a gun directly at an individual. In this case, the defendant fired a gun, not at any person, but at a building. Moreover, as manifested by his statement, defendant's actions and intent were directed against property and not against a person. This is not a palatable demonstration of intent to take life.

■■ The inescapable conclusion is that an act which would be murder under the great bodily harm language of section 9—1(a)(2) if the victim dies, is not attempt murder if the victim lives. (Accord, *Farnsworth*.) Any other conclusion would elevate lesser included offenses, that could cause great bodily harm, such as aggravated battery and reckless conduct, from Class 3 felonies to Class 1 felonies. Clearly the legislature could not have intended this when drafting the Code. See *Muir*.

Our review of the evidence indicates beyond a reasonable doubt that defendant's acts constituted an aggravated battery. Under the broad powers granted under Supreme Court Rule 615(b)(3) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(3)), an appellate court may "reduce the degree of the offense of which the appellant was convicted." However, this power is not without limit; it is only available when lesser included offenses are involved. (*People v. Towers* (1974), 17 Ill. App. 3d 467, 308 N.E.2d 223.) In the instant case, aggravated battery is a lesser included offense of attempt murder. The jury was given instructions on the offense of

aggravated battery. Defendant entertained the general intent necessary to perform the act of firing a gun, and his act caused harm to the victim. The act becomes aggravated under section 12—4(b)(1) of the Code, because a deadly weapon was used. Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(1).

■■ Under the power granted by Supreme Court Rule 615(b)(3), we reduce the degree of the offense for which defendant was convicted from attempt murder to aggravated battery. (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(3).) Pursuant to Supreme Court Rule 615(b)(4), we reduce the defendant's sentence to a term of not less than 1 year and not more than 3 years. Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(4); *People v. Bauman* (1975), 34 Ill. App. 3d 582, 340 N.E.2d 178.

The judgment of the trial court is, therefore, modified to adjudge defendant guilty of aggravated battery. The sentence is hereby reduced to a minimum of 1 year and a maximum of 3 years. Judgment and sentence is affirmed as modified. Cause remanded to the Circuit Court of the Seventh Judicial Circuit (Sangamon County) with direction to issue an amended mittimus in accordance herewith.

Judgment and sentence affirmed as modified. Cause remanded with direction.

CRAVEN, P. J., and GREEN, J., concur.