THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MADISON V. MILLER, Defendant-Appellant.

Fifth District   No. 75-147

Opinion filed April 5, 1977.—Rehearing denied May 9, 1977.

G. MORAN, J., specially concurring.

Stephen P. Hurley and Michael J. Rosborough, both of State Appellate Defender's Office, of Mt. Vernon, and Alan Garber, research assistant, for appellant.

Loren P. Lewis, State's Attorney, of Benton (Bruce D. Irish, of Illinois State's Attorneys Association, and Edward J. Hanlon, law student, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Madison V. Miller, was charged by indictment filed in the circuit court of Franklin County with the offense of attempt (murder). Following a jury trial, defendant was found guilty as charged. Defendant appeals the judgment entered by the trial court.

Defendant has failed to file a post-trial motion. On appeal, he presents three issues for review. He first contends that he was denied a fair trial due to a comment made by the trial judge in the presence of the jury. Next, he contends that certain testimony concerning the nature and extent of the injuries suffered by the victim was irrelevant and prejudicial. Lastly, by motion which we granted, defendant additionally contends that his indictment was insufficient.

Defendant's conviction stems from an incident in which he shot Gerald Gardner three times with a .22-caliber automatic rifle. The evidence at trial showed that while at a tavern during the course of the evening of the crime, hostility arose between defendant and Gardner. While exchanging insults, Gardner twice struck defendant, the second time causing

defendant to fall from a barstool where he was sitting. At one point, a friend of defendant threatened to go to her home and get her gun to use against Gardner, but defendant told her not to do so since he had one of his own. Subsequently, defendant left the tavern with his friend and he was driven to a lounge where his car was parked. En route, defendant stated that he was going to get his gun and "get even" with Gardner and that he was going to "kill" him. Approximately 30 minutes to an hour later defendant returned to the tavern in his own car. He met Gardner in front of the tavern and there continued his argument with Gardner. Thereafter, Gardner went back inside the tavern. Defendant then entered the tavern holding his rifle at the waist and he shot Gardner three times. A physician, Dr. Fox, testified to the nature and extent of the wounds. One bullet had passed through Gardner's right thigh. Another entered at Gardner's belt line and the third bullet entered the chest in the area of the ninth rib. The physician stated that in his opinion Gardner would have died had it not been for the extensive emergency medical care given to Gardner.

At the close of the evidence the jury was given a "special interrogatory" asking them to decide whether defendant was acting under a sudden and intense passion resulting from serious provocation by Gardner at the time of the shooting. The interrogatory was answered "no" and the jury returned a verdict of guilty of attempt murder.

■■ The law is well established that the failure to specify an issue in a post-trial motion constitutes a waiver of that issue and precludes a defendant from assigning that matter on appeal as grounds for reversal. (*People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Irwin*, 32 Ill. 2d 441, 207 N.E.2d 76; *People v. Price*, 32 Ill. App. 3d 610, 336 N.E.2d 56.) Defendant's first two contentions involve the testimony of Dr. Fox. Defendant's objections to the doctor testifying to the details of the emergency surgery given Gardner were overruled. Following a statement by the doctor that Gardner's leg was amputated, defendant moved to strike the testimony. The trial judge granted the motion in so far as testimony concerning the amputation and denied the motion as to the remainder of the testimony. The trial judge then explained his reasons for his ruling. This explanation is the basis for defendant's first contention that the trial judge improperly suggested to the jury that the State had proved its case. After the court made its ruling, legal argument on the motion to strike continued outside the hearing of the jury. During the course of this argument, defense counsel raised an additional objection to the court's comments. The additional objection was not clearly brought to the court's attention and it does not appear that it was considered by the court. The record thus illustrates a primary object in applying the waiver rule; to inform the trial court of a possible mistake in order to give the court an opportunity to correct that mistake and to give the reviewing court the benefit of the trial court's ruling on the issue raised.

Defendant urges, citing *People v. Sprinkle*, 27 Ill. 2d 398, 189 N.E.2d 295, that a less rigid application of the waiver rule is appropriate where the basis for the objection is the conduct of the trial judge. *Sprinkle*, however, was solely concerned with the practical problems of a trial lawyer in objecting to a trial judge's conduct, in the presence of a jury. No such similar problems can be associated with the raising of alleged errors by way of a motion for a new trial. Therefore the *Sprinkle* considerations do not apply to the case at bar.

■■ Defendant also urges the application of the plain error doctrine under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)). This doctrine is intended as a means of meliorating the harshness of a strict application of the waiver rule. By it, a court on review may notice errors not properly preserved which deprive the accused of substantial means of enjoying a fair and impartial trial or in which the evidence is closely balanced. (*People v. Howell*, 60 Ill. 2d 117, 324 N.E.2d 403.) On examination of the record, we find neither of these considerations present and thus find that defendant waived the issue presented. In any event since, read in context, the statements of the trial judge were no more than an explanation of its ruling granting in part and denying in part a motion to strike, no error was committed. *People v. Morgan*, 28 Ill. 2d 55, 190 N.E.2d 755; *People v. Rojas*, 68 Ill. App. 2d 171, 215 N.E.2d 140.

■■ Next defendant contends that the trial court erred in admitting the testimony of Dr. Fox. His contention on appeal is considerably broader than his objection at trial "to the bloody, gorey [*sic*] details of an operation." In addition to this objection defendant argues that testimony of the nature and extent of the injuries suffered was irrelevant to the issue of his intent to commit murder and was prejudicial. (Compare *People v. Nickolopoulos*, 25 Ill. 2d 451, 185 N.E.2d 209, with *People v. Pearson*, 4 Ill. App. 3d 462, 281 N.E.2d 422, and *People v. Cunningham*, 73 Ill. App. 2d 357, 281 N.E.2d 827.) Since defendant failed to raise the issue in a post-trial motion we deem it waived. Nor in light of the evidence do we find the length and detail of the testimony so prejudicial as to merit consideration of the issue as plain error.

Lastly, defendant contends for the first time on appeal that the indictment failed to apprise him of the precise offense charged with sufficient specificity to allow him to prepare a defense. The indictment charged defendant with attempt murder:

"* * * in that the said defendant with the intent to commit the offense of Murder, in violation of Section 9—1a2 of Chapter 38, Illinois Revised Statutes (1973), as amended, did perform a substantial step toward the commission of that offense in that he did knowingly and without lawful justification shoot Gerald Gardner with a rifle, knowing said acts to create a strong

probability of death or *great bodily harm* to Gerald Gardner, contrary to the form of the Statute in such case made and provided and against the peace and dignity of the People of the State of Illinois, and in violation of Paragraph 8—4a, chapter 38, Illinois Revised Statutes." (Emphasis added.)

Citing *People v. Muir*, 38 Ill. App. 3d 1051, 349 N.E.2d 423, *appeal allowed*, 63 Ill. 2d 561, and *People v. Trinkle*, 40 Ill. App. 3d 730, 353 N.E.2d 18, *appeal allowed*, 64 Ill. 2d 598, defendant's contention stems from the inclusion of the emphasized words "great bodily harm." In *Muir*, the court held the language "great bodily harm" in a similar indictment rendered it fatally defective as an incorrect statement of the mental element requisite for a charge of attempt murder.

In *Muir* the defendant twice tried to fire his weapon at a police officer but the weapon failed to discharge. The defendant first attacked the validity of his indictment in the trial court. In reversing his conviction on appeal, the court stated:

"To permit a charge of attempt (murder) to be sustained upon proof of an allegation that the defendant committed an act which allegedly constituted a substantial step towards commission of the offense of murder knowing that such act created a strong probability of great bodily harm would mean that every person who commits or attempts to commit an aggravated battery would be guilty of attempt murder." 38 Ill. App. 3d 1051, 1057, 349 N.E.2d 423, 429.

In *Trinkle*, the defendant fired a shot at a building and wounded a person inside. The court after citing its approval of *Muir* stated:

"The incorporation of the words 'great bodily harm' in the indictment and jury instructions creates the inference that the finder of fact may find the defendant guilty of attempt murder for the mere infliction of great bodily harm without a finding of the required specific intent to kill necessary to support a conviction of attempt murder." (40 Ill. App. 3d 730, 733, 353 N.E.2d 18, 21.)

The court then found the evidence insufficient to support an attempt murder conviction but sufficient to support the lesser included offense of aggravated battery and accordingly reduced the defendant's conviction.

In the case at bar defendant contends that the purportedly improper incorporation of the language "great bodily harm" in the indictment misled him in the preparation and presentation of his defense since the indictment "obviously" confused him and since the testimony of Dr. Fox would have been found irrelevant had the indictment been properly drawn. The State responds by arguing that this court should decline to follow *Muir* and *Trinkle*.

We note that in both *Muir* and *Trinkle* leave to appeal has been allowed by our Supreme Court. However, we find that resolution of the case at

bar does not depend on *Muir* and *Trinkle* since those cases are distinguishable from the one at bar and in any event reversal is not warranted in the instant case.

In *Muir*, the court squarely considered the issue of whether the language "great bodily harm" rendered the indictment fatally defective because the issue was first raised and considered in the trial court. In the case at bar, the indictment was first attacked on appeal and therefore we need not consider whether it could have withstood pretrial or post-trial motions, unlike *Muir*. (See *People v. Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456.) In *Trinkle*, on the other hand, the court's determination turned not on the issue here raised but on the evidence which the court found could not support an attempt murder conviction even if the language "great bodily harm" was a correct statement of mental element for the charge. In the case at bar, however, the record shows overwhelming evidence from which a jury could conclude that defendant possessed a specific intent to take the life of Gardner. Defendant so stated his intent to kill Gardner and his acts manifested that intent in that defendant shot three times in rapid succession with a rifle, directly at Gardner striking Gardner in the thigh, at the belt line and in the chest.

Nonetheless even assuming *ad arguendo* that the incorporation of the language "great bodily harm" in the indictment was improper we do not find that reversal of the instant case is warranted thereby.

■■ Where an indictment is attacked for the first time on appeal it will be held sufficient if it apprised the accused with sufficient specificity to prepare his defense and allows the pleading of a resulting conviction as a bar to future prosecution arising out of the same conduct. (*People v. Rege*, 64 Ill. 2d 473, 356 N.E.2d 537; *People v. Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456; *People v. Pujoue*, 61 Ill. 2d 335, 335 N.E.2d 437.) Unlike *Rege, Gilmore* or *Pujoue* defendant's contention does not involve the omission from the indictment of allegedly material matter but the addition in the indictment of an alternative mental element phrased in the disjunctive allegedly improperly included therein.

In *People v. Figgers*, 23 Ill. 2d 516, 179 N.E.2d 626, the defendant was convicted of burglary on an indictment which unnecessarily included an allegation of the ownership of the property stolen and its value. The court in affirming the defendant's conviction stated:

> "Also of importance here is the general rule that immaterial matters, or matters which may be omitted from an indictment without rendering it insufficient or doing damage to the material averments, may be regarded as surplusage. (*People v. Osborne*, 278 Ill. 104; *People v. Moore*, 368 Ill. 455.) Accordingly, where an indictment charges all of the elements essential to an offense under a statute, other matters unnecessarily added may be rejected as surplusage." (23 Ill. 2d 516, 519, 179 N.E.2d 626, 627.)

Moreover, the court in *Figgers* held that the variance between the pleadings and proof, to vitiate a trial, must be material and of such character as may mislead the defendant in making his defense or expose him to double jeopardy. In *People v. Johnson*, 65 Ill. 2d 332, 357 N.E.2d 1166, the defendant alleged for the first time on appeal that there was a variance between the pleading and proof at trial. The court citing *Figgers* held where a variance is alleged for the first time on appeal much the same standard of review applies as where the sufficiency of an indictment is first attacked on appeal. In holding that the complaint had not misled the defendant, the court found that the language of the complaint had not induced her to withhold evidence nor would her defense have changed had the indictment been properly drawn.

So too in the case at bar we do not find that defendant was misled by the incorporation of the language "great bodily harm." Defendant contends that he was confused by the charge but does not suggest in what manner he was confused or his defense prejudiced thereby. It is not contended that through duplicity defendant failed to understand the nature of the charge brought against him. (See *People v. Ross*, 21 Ill. 2d 419, 173 N.E.2d 474; *People v. Kent*, 18 Ill. App. 3d 357, 309 N.E.2d 715.) To the contrary the record permits no question but that defendant was charged with and tried for the offense of attempt murder. In addition, that defendant, the trial court and the State proceeded on a theory that the alternative mental state alleged could support a conviction for attempt murder caused no prejudice to defendant in light of the overwhelming evidence of defendant's specific intent to kill. Defendant does not contend that the additional words induced him to withhold evidence or that his defense would have changed had the indictment been otherwise drawn. Defendant admits that he presented an "all or nothing" defense theory by arguing to the jury that he did not intend to commit the crime of murder in hope thereby of acquittal by the jury for want of an alternative upon which to convict him. Thus defendant tendered no instructions on aggravated battery but only requested the jury be given a special interrogatory concerning whether the shooting was seriously provoked.

Defendant argues that if the indictment had been properly drawn the testimony of Dr. Fox would have been found irrelevant. However, evidence of the nature and extent of the injuries inflicted would not become any less relevant to the issue of defendant's intent to murder had the indictment been otherwise drawn. *People v. Pearson*, 4 Ill. App. 3d 462, 281 N.E.2d 422; *People v. Cunningham*, 73 Ill. App. 2d 357, 218 N.E.2d 827.

■■ We find that the indictment fully charged all the essential elements to the offense of attempt murder. In addition the words "great bodily

harm" were unnecessarily added as a disjunctive alternative mental element which neither contributed nor confused the clearly charged and proven offense. The words thus may be disregarded as multifarious and surplusage in view of the record. Having found no prejudice to defendant by the incorporation of the words we affirm the judgment of the circuit court of Franklin County.

Affirmed.

JONES, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, specially concurring:
I concur with the result reached in this case, but do not agree that the defendant waived any error by his failure to file a post-trial motion.